MAY 3, 1803.

# Charles Morgan v. David Robinson.

Where the complainant in a bill sought to recover land in possession of the defendant, on the ground that his entry and survey were superior to the defendant's, the complainant must, if put upon proof of his title, show that his entry was sufficiently definite and certain to be found and located, and that the survey conformed to the entry, otherwise his bill will be dismissed.

Both the parties to this cause claim the land in dispute, under settlements and pre-emptions, of the kind which were to be located on vacant lands; therefore, it will be necessary to advert to the dates of their respective certificates to ascertain which of their claims is entitled to the preference in that respect, as well as to their respective locations, entries, and surveys to ascertain in every other point of view whether they have proceeded in completing their titles, as the law requires. It is proper to begin with Morgan, who was complainant in the court below, as assignee of Ahijah Woods; because it must appear, that his claim is of prior date or higher dignity, and has been legally pursued before he can have relief in chancery against Robinson.

Morgan v. Robinson.

Woods obtained his certificate from the commissioners, January 10, 1780, for a settlement of 400 acres of land, lying on the waters of Boone's creek, adjoining Colonel Robinson's survey to the east, including a small sinking spring which empties into a big pond, and the pre-emption of 1,000 acres adjoining this settlement. The entry of this settlement, and of this pre-emption with the surveyor, are both of them, in substance, the same as the location of the settlement with the commissioners: so that the pre-emption covers the settlement; and in this way the claim is reduced from 1,400 to 1,000 acres. Where ought the 1,000 acres to have been surveyed is the next inquiry? The exhibits in this cause, show a military survey on Boone's creek made for David Robinson, and two springs on the east side of the survey, and likewise a pond into which these springs empty themselves. Had it been proven, that at the time this location was made, there were two or more surveys on Boone creek in the name of Robinson, a doubt might have arisen, whether Colonel Robinson and David Robinson was the same person, but no such proof having been produced, it may be presumed that there existed no uncertainty as to the survey called for in the location. Two springs instead of one are shown, which so far as appears, equally fit the calls in the location; and nothing is exhibited in proof, from which it could have been generally known, which of the springs was intended by the locator, or that either of them was intended; as neither of them has been proven to be a small sinking spring emptying into a big pond. No testimony, however, having been produced that there is any other spring which equally or better corresponds with the calls, it may also be presumed that one or the other of these springs, is the spring meant in the location. But the court can not find a sufficient reason for extending the presumption any further. If either of these springs could be fixed on, as the spring which the location calls to include, then, for reasons contained in several former opinions of this court on such cases, the settlement survey of 400 acres, ought to have extended eastwardly, at right angles from the east side of Robinson's military survey, so far as just to include the spring opposite the middle of its back line; because it is found by calculation, that thus to include either of the springs, the survey toward the east would exceed a square. And for the same reasons, the pre-emption survey of 1,000 acres ought to have extended eastwardly, at right angles from the east side of Robinson's military survey, so far only as to produce a square, having the spring

opposite to the middle of its back line; because it is found by cal-culation that both the springs will fall within the square. But the court is much puzzled how to adjust the difficulty which arises with regard to the two springs; it not having before decided on a similar case. To pronounce the whole of Morgan's claim void for this uncertainty, would be too rigid. It is conceived, that it will not be unjust, that the settlement and pre-emption should each of them be surveyed to include one of the springs and then the other, conformably to the opinion now given, and that Morgan should hold all the land, and no more, which will fall within both of these surveys; except also such parts thereof to which it may be found that Robinson has a superior claim.

Robinson obtained his certificate from the commissioners, Novem-ber 6, 1779, for a settlement of 400 acres of land, lying on Boone's creek, adjoining a survey of the said Robinson's, and the pre-emp-tion of 1,000 acres adjoining the settlement. The entry of the settlement with the surveyor is, in substance, the same as its loca-tion with the commissioners. But in neither of them is it expressed, in what manner the settlement was to adjoin Robinson's former survey; and this defect gives rise to another question which is new and difficult. To pronounce the settlement void for this uncer-tainty, as has been done by the district court, may be too rigid. Had the settlement been surveyed to adjoin the old survey on every part, and extended equal distances from each of its lines, the proceedure would have been very consonant to the principles of all the decisions of this court in cases where the location only contained a call to include some object: and this court, after much consideration, thinks it would have been proper to have done so. It is true, that in the case of *Kenney* against *Whitlidge*, this court decided concerning a pre-emption appendant to a settlement, that as the expression in the commissioners' certificate, *to adjoin*, does not necesarily mean, *to include*, the pre-emption ought not to be re-strained to adjoin the settlement on every part. But the principal reason then adduced was, that the law did not require pre-emptions of the kind to be located with the commissioners; and that the in-sertion of the expression in the certificate was only a proper repeti-tion of the expression, *adjoining to*, which is used in the law: conse-quently, that the claimant can not be bound by a supposed location which he did not make, nor was required to make. To which might have been added, that this expression in the law, considered as a restriction, can not with propriety be taken to mean, that the pre-emption should adjoin the settlement on every part, and extend

Morgan v. Robinson.

equal distances from each of its boundaries, more than the expressions in the law to include a settlement, or an improvement should be taken to mean, that the boundaries of an actual settlement right must be extended equal distances from the place improved; or that a pre-emption for having made a setttlement or improvement, must be so extended from those places. Because in each of these instances a particular or special location is required: which would have been superfluous and absurd, had the legislature intended thus to fix the manner in which such claims were to be laid off. The legislature, however, has left the expression *to adjoin*, without an explanation, when used in a location. And this court has ever thought itself bound, when the intention of a location or entry was doubtful, and not totally uncertain, to sustain it, if it could be taken to mean what was rational and definite in itself, and equitable toward other locators. Every person must understand, by the call *to adjoin*, that the locator intended to adjoin the object which he specified on some part, or in some form; and the only rational wish which could arise. thereon would have been to exclude him from the privilege of adjoining in an arbitrary way, or, in other words, to have prevented him from keeping more land in suspense than the quantity called for in his location authorized; to do which, it would only have been requisite, in this case, to calculate how far the quantity Robinson called for would extend at equal distances from each of the lines of his old survey, and to have left him that space. This would have been acting toward him as all persons would have desired that he should have acted toward them, and would be giving his location a meaning which is perfectly and rationally definite and equitable. It may be proper to observe that the import of the expressions in a location, as well as in other writings, must, in some instances, be controlled by concomitant circumstances. For example, when a locator only calls to include his improvement, it may fairly be presumed that he meant to include the improvement in the center; and this is one of the leading principles on which the decisions in such cases are founded. But suppose an improvement situated just within one of the boundaries of the state were called for; in such a case the presumption now mentioned would be highly irrational and absurd. So, in the case under consideration, the locator having called to adjoin his own land, the presumption is probable that he meant to enlarge the tract by adjoining it on every part. But had he called to adjoin the land of another person, the presumption that he

meant to adjoin it on every 'part would be improbable, and ought not to be indulged. From these considerations, and that of Robinson's certificate being of a prior date to the one under which Morgan claims, it seems to this court to be just that Robinson should continue to hold so much of his settlement as has been surveyed conformably to this opinion. Robinson's entry on his preemption warrant is made on the east side of his own tract on Boone's creek, beginning at the south-east corner, running along his own line, and binding on Patrick Henry's and on Hine's land, and round the north end of his own land, to include the quantity. This entry is tolerably special, and easy to be understood, and the survey made thereon does not interfere more or otherwise with Morgan's claim than if the survey had been made more strictly agreeable to the entry. Were it admitted that the call in the location of his settlement, *adjoining a survey of the said Robinson's*, and that the calls in the location of his pre-emption, for *his own tract*, *and Patrick Henry's and Hine's land*, are indefinite. The call in Morgan's locations for *Colonel Robinson's survey* is equally indefinite, and the call therein for *a small sinking spring that empties into a big pond*, as far as these objects have been identified by testimony, are still more so. And were it remarked that Robinson's entry on his pre-emption warrant is imperfect, in not calling to adjoin his settlement, the same imperfection is found in Morgan's entry on his pre-emption warrant; and it would be highly absurd that Robinson should be divested of his elder legal title for defects in its prosecution, to favor Morgan, whose claim is justly chargeable with equal or greater defects. This court, however, is of opinion that the defects which have been suggested ought not to be wholly fatal to either of their claims, but that both of them, so far as they have been surveyed conformably to this opinion, ought to be established, giving the preference to Robinson's location of his settlement, on account of the priority of its date, where it interferes with Morgan's settlement or pre-emption; and also giving preference to Robinson's pre-emption where it interferes with Morgan's settlement or pre-emption; because Morgan's settlement was allowed by law for land to which no other person had the right of pre-emption at the time it was obtained from the commissioners; and previous thereto, Robinson had obtained a certificate for his settlement and pre-emption. The only doubt on the case arises from that clause in the law which provides for giving *due preference* to settlements where they interfere with pre-emptions.

But to take the word *preference* in an unlimited sense would render it repugnant to the other provisions of the same law, and it can not otherwise be reconciled than by considering it as restricted by the word *due* to actual settlement rights, they having originated long before the sittings of the commissioners. Morgan, therefore, ought only to have obtained a decree for that part of Robinson's settlement which has been surveyed contrary to the opinion now delivered, and which shall be found to lie within the bounds of Morgan's settlement or pre-emption, when limited conformably to this opinion. Wherefore, it is decreed and ordered, that the said decree of the district court be reversed, and that the appellee do pay unto the appellant his costs in this behalf expended. And it is further decreed and ordered, that the suit be remanded to the circuit court for the county of Fayette, that it may cause to be ascertained the metes, bounds, and quantity of the land in contest, which, by this court, is adjudged to the appellee, and enter up a decree accordingly, and also make such further decrees and orders in the suit as law and equity may require, which is ordered to be certified to the said court.

## MAY 21, 1803.

Ordered, that the opinion of this court, delivered this term, in the case of *David Robinson* against *Charles Morgan,* be amended by inserting the words "sets off" between the word "two" and the word "surveys," in the paragraph (page 163), "Morgan should hold all the land, and no more, which will fall within both of these two surveys;" and then the paragraph will stand thus: Morgan should hold all the land, and no more, which will fall within both these two sets of surveys. And it is further ordered, that the following words be annexed to the said clause, viz: that is to say, he should only hold so much of either of these sets of surveys as will also fall within the other.