Nov. Term,
1846.

THE STATE, on the Complaint, &c., *v.* GRAY.

THE STATE
v.
GRAY.

Under the Rev. Stat. of 1843, the place of residence of the complainant, in a case of bastardy, is immaterial.

*Friday,*
*December 4.*

APPEAL from the *Tippecanoe* Circuit Court.

DEWEY, J.—This was a prosecution for bastardy against *Gray.* The complaint was made by *Mary Anne Welch* before a justice of the peace of *Tippecanoe* county: it charges *Gray* with being the father of a bastard child of which the complainant had been delivered; that she was an unmarried woman, and was, at the time of making the complaint, a resident of *Tippecanoe* county; and that the child was with her. The justice issued his warrant; the defendant was taken; and an examination was had before the justice. It appeared in the course of the examination, that the complainant arrived in *Lafayette*, in *Tippecanoe* county, on the day on which she made complaint; and that she came from *New York* where she had previously resided. The justice found the defendant guilty, and ordered him to give bond, &c., which not being complied with, he was recognized to appear before the Circuit Court. He appeared accordingly; and, on his motion, the prosecution was dismissed for want of jurisdiction in the justice of the peace, and in the Circuit Court.

It is urged in vindication of the decision of the Circuit Court, that it did not appear that the complainant was a resident of this state.

As the law stood previously to the late revision of the statutes, the objection was valid. The language of the former statutes was, " that on complaint made to any justice of the peace in this state, by any unmarried woman resident therein," &c., the justice should proceed as therein stated. R. S. 1831, p. 285.—R. S. 1838, p. 330. The first section of the present statute provides, that when any woman who has been delivered of a bastard child, or who is pregnant with a child which, if born alive, will be a bastard, shall make complaint to any justice of the peace against the person whom she accuses of being the father of the child, the justice shall issue his warrant, &c. R. S. 1843, pp. 363, 364.

It is contended that the change in the phraseology of the

statutes is so slight, that it shows the legislature did not mean
to change the law as regards the residence of the complain-
ant. We cannot think so. The qualification of the resi-
dence of the complainant in this state, essential to the support
of a prosecution under the former acts, is omitted in the
present statute; and we are not at liberty to view the
change as unmeaning. We are bound to believe that the
remedy was designedly enlarged.

But it is further contended, that if any change of the law
was meant to be made by the late revision, the complainant
is now required to be not only a resident of the state, but to
have a legal settlement in the township where the prosecu-
tion is commenced.

This position is attempted to be sustained by the provision
of the third section of the bastardy act, which is, that if the
accused person shall be adjudged by the justice to be the
father of the bastard, he shall, among other things, " enter
into bond to the overseers of the poor of the proper township
in the county where such woman (the complainant) has her
legal settlement" conditioned to save the county harmless,
&c., and by the provision of the twenty-ninth section, that
the money on a judgment against the putative father, in a
prosecution carried on by the overseers, shall be paid to the
overseers of the poor of the township where the complainant
shall have " her legal settlement."

We do not view these provisions as having any bearing
on the question of jurisdiction. They are directory as to
proceedings subsequent to the commencement of the prosecu-
tion, and must be followed where the facts of the case will
admit of it. If the complainant must have a legal settlement
before she can institute a prosecution for bastardy, a year's
previous residence in some county of the state will, in ge-
neral, be necessary. Such a construction of the statute would,
in many instances, defeat what we conceive to be its object—
the extension of the remedy afforded by the former statutes.
It would certainly be inconsistent with the first section,
which points out the description of persons entitled to prose-
cute, and which confers jurisdiction on justices of the peace.
The residence of the complainant is immaterial. The Circuit
Court erred in dismissing the cause.

Nov. Term, 1846.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace*, for the appellant.

*E. H. Brackett* and *A. M. Crane*, for the appellee.