A. Weight, Special J.,
delivered the opinion of the Court.
1. The act of 1805, ch. 66, § 4, (C. and N. Rev., 295,) requires the clerk to certify that the magistrate who granted the judgment and issued the execution was, at the *374 time an acting justice of tbe peace in bis county. In tbis case tbis is not done. Tbe clerk only certifies as to tbe official character of Wiseman, tbe justice, at tbe date of tbe issuance of tbe execution. Tbis certificate, and tbe execution attached to it, did not, therefore, authorize Rose, tbe justice of tbe peace of Shelby county, to issue an execution against tbe plaintiffs in error, and tbe same is void. Tbis question was decided by tbis Court in Eason vs. Cummings, 11 Humph., 210.
2. Again: Tbe plaintiffs in error became stayors of tbe judgment before Wiseman, tbe justice, after tbe two days, allowed by law to stay executions, bad expired, and after an execution had actually isstied, and perhaps been levied in tbe case. Tbis was done with tbe consent of tbe constable, who bad charge of tbe creditor’s ■ claim. What authority be bad to do tbis, from tbe creditor, other than that furnished by bis official position, does not very clearly appear in tbis record. But we bold tbis to be immaterial, as tbe justice of tbe peace had no jurisdiction to receive tbe stay after tbe execution had issued.
Previous to tbe passage of tbe act of 1842, cb. 136, § 4, (Nicb. Supp., 278,) a stay of execution, entered more than two days after judgment, was void. 2 Meigs’ Dig., 657; George W. Howard Co. vs. Brownlow, 4 Sneed, 548-550. It follows that tbe authority for tbis stay must rest alone upon that act. But under its provisions tbe justice has no power to receive and enter the security for tbe stay of tbe judgment after it is satisfied, or an execution ufon it is issued.
Whatever effect may be given to tbe contracts of parties variant from the stay laws, tbis Court can only *375 regard as a valid stay of execution, such undertakings as are entered into in pursuance of those laws.
Neither the magistrate or the parties can he allowed to. change those laws by contract. Any such action,, of the justice does not constitute an official or judicial act, Roberts vs. Cross, 1 Sneed, 233; 4 do., 146-548; Bynum vs. Murrill, 8 Humph., 701.
Reverse the judgment, and let the execution he quashed.