Weight, J.
 

 The plaintiff’s complaint was dismissed at the special term; the judge holding that the assignment of Marquardt was not fraudulent. "Upon the whole evidence, he found the assignment to have been made m good faith, and without any fraudulent intent, and aS these were questions of fact purely, his finding is not open to review here. The question of fraud in fact was disposed of at the special and general terms, where alone it could be examined and reviewed. The plaintiff’s counsel points us to a part of the testimony of the assignor, which it is claimed conclusively establishes a fact fatal to the assignment, and as matter of law, entitled the plaintiff to judgment. In the course of the examination of the as- ■ signor as a witness, the question was put to him: “ Why did you make an assignment ?” He answered,
 
 “
 
 I made the assignment for the purpose of gaining time to pay my creditors. * * * * I wanted to protect my indorsers. I made the assignment to pay my debts.” This testimony is singled out as establishing a fact that it is alleged neither was or could be controverted, viz.: that the assignment was made with the fraudulent intent to hinder and delay the assignor’s creditors in the collection of their debts. There is no force in the suggestion. Had Marquardt testified unqualifiedly that his sole purpose in making the assignment was to gain time to pay" his creditors, it would not have been testimony so conclusive in its nature as to have constrained the judge who tried the cause, regardless of all the other evidence in the case, to find against the
 
 bona fides
 
 of the assignment. The short answer is, that what we are pointed to was mere evidence addressed to the judge, establishing no" fact conclusively, but to be weighed and considered, with-the other evidence in the case, in passing upon
 
 *123
 
 and determining the question of an actual fraudulent intent. That it was the testimony of the assignor, gave no conclusive character to it in the establishment of a fact.
 

 The only question open for discussion in this court is, whether there is anything in the deed of assignment itself which in judgment of law renders it invalid as against creditors. The' property is conveyed to the assignee in trust to pay debts, and • he is directed to
 
 “forthwith take possession of the said premises, and sell the same without delop for the best price that can he procuredP
 
 If this direction operated to vest any discretionary power in the assignee, not legally incident to his trust, nor to be, on the application of creditors, at all times controlled by the courts, it would be our duty to pronounce the assignment fraudulent. But it does not. The duty imposed by law on an assignee, is to proceed without unreasonable delay in the execution of the trust confided to him j and if he errs in this respect, in the exercise of the legal discretion incident to his trust, the courts may correct the error. All that the direction, fairly interpreted, means, is, that the assignee should proceed to sell and convert the assigned property into money, without unnecessary or unreasonable delay; and it cannot be construed into an attempt on the part of the assignor to exempt the assignee from his proper legal responsibility to those for whom he was to act.
 

 Nor are the trusts to pay the indorsers or sureties of the assignor, the sums for which they were severally liable, invalid. It appears from the assignment itself that some of the indorsed notes were not due at the time the assignment was moder and were held and owned by corporations or persons other than those to whom the money was directed to be paid. But these were trusts to pay the debts or obligations of the assignor, for which the indorsers or securities were severally liable, and there can be no doubt that the holders and owners of the claims designed to be protected, might compel an appropriation of the assigned property to their payment. This being so, the provision has the same effect as if the holders were named the
 
 cestuis que trust
 
 in the instrument. :
 

 
 *124
 
 There seems to be nothing in the provisions or trusts contained in the deed of assignment to characterize it as fraudulent, and the court below has found that there was no fraud in fact.
 

 The judgment of the Supreme Court should be affirmed.
 

 • All the judges concurring,
 

 Judgment affirmed.