Day, J.
The defendant in error obtained a judgment against, the plaintiff in error in the court of common pleas, for an alleged malicious prosecution, which was, on error, affirmed by the district court; and this petition in error is prosecuted here to reverse these judgments.
The only issues made by the pleadings, are, whether the prosecution complained of was malicious, and without reasonable and probable cause. These issues were of the gist of the action, and it was incumbent upon the plaintiff .therein to substantiate them by proof, or to give evidence in regard to them, from which they may be-legitimately inferred; and whatever he might prove, it was the-undoubted right of the opposite party to disprove.' 30 N. T. 625.
The plaintiff having given evidence tending to establish the affirmative of the issues, the defendant offered to prove, by his own. testimony, that when he went before the magistrate to commence-the prosecution in question, he made to him a full and correct statement of all the facts and circumstances about the supposed larceny charged upon the plaintiff; that, after he had made such statement,, the magistrate told him that, if said statement was true, the plaintiff was guilty of larceny; that thereupon, then, “ in consideration thereof,” he made the affidavit commencing said prosecution ; and that, when he made such affidavit, he believed the plaintiff was-guilty of larceny, as stated therein, and so continued to believe until he was discharged from such prosecution. The plaintiff objected' to the testimony so offered, and the court sustained the objection.
Upon this ruling, two questions were made : first,-whether it was-competent to prove what was said about the guilt of the plaintiff by the defendant and the magistrate, at the time the prosecution: complained of was commenced; and, secondly, whether it was corn- *428 potent for the defendant to state, as a *witness on the trial, that, when he made the complaint, he believed the charge preferred against the plaintiff to be true.
As to the first projmsition, it may be remarked that, although the evidence might not be admissible, conformably to the general principle that the defendant may prove that he proceeded in good faith upon the advice of counsel, thereby showing probable cause; •still, upon the question'of malice and of mitigation of damages, it was pertinent and relevant.
The fact that he made a full statement of the transaction to the magistrate, to obtain his views of the guilt of the party to be charged in the prosecution, before making the affidavit, tends to show that he proceeded, if not from a sense of duty only, with some degree, at least, of conviction of the truth of the charge preferred; and this conviction may have been so far strengthened by the opinion expressed by the magistrate, that he instituted the prosecution in the honest belief that the charge was true and would be sustained.
But the statements made at the time the prosecution was commenced, in relation to the subject-matter thereof, were part of the transaction complained of; and, as was held in the case of Wilkinson v. Arnold (11 Ind. 45),11 may be regarded as part of the res gestaand, therefore, admissible for the “ consideration of the jury in determining the question of malice.”
Did the court err in refusing to permit the defendant in the action to testify that he believed, when he made the complaint, that the plaintiff was guilty of larceny ?
His belief on this subject was of the essence of the case, upon the question of malice, and, if reasonable, upon that of probable cause ; for, “ juobable cause does not depend upon the actual state of the case, but upon the honest and reasonable belief of the party prosecuting.” Greenl. Ev., sec. 455 ; 11 Ad. & Ell. 483, 489 ; 20 Ohio, 119.
The evidence offered was admissible. Was the witness competent? The objection to him is, that he is a party offering to testify about a fact, that, from its nature, could only be directly known to himself alone. If this were all, it might more properly be urged as a reason for admitting the testimony. The objection, however, assumes that, under such circumstances, *the interest felt by him as a party would render him incredible as a witness. The objection, then, is more against his credibility than his competency. But that is not a question of law, but is one of fact for the'consid *429 -eration of the jury. Ordinarily any fact material to the issue may' be proved by any witness to whom it is known. Had any other witness known the fact about which the defendant offered to testify, it is not doubted but that it would have been competent for him to state .it. The competency of the defendant as a witness was no more limited than that of any other witness. His relation to the case affected nothing but his credibility. These propositions are .settled by the explicit language of the code, viz : “ No person shall be disqualified as a witness in any civil action or proceeding by' reason of his interest in the event of the same, as a party, or otherwise, or by reason of his conviction of a crime ; but such interest or conviction may be shown for the purpose of affecting his credibility.”
But we are not without high authority upon this question. Upon-a similar statute in the State of New York, the court of appeals of that state, in an action for malicious prosecution, held that the defendant may be allowed to testify, when called as a witness in the' case, that he believed the plaintiff was guilty of the charge made-against him. McKown v. Hunter, 30 N. Y. 625, 628. The opinion in the case cited, upon this point, is as follows:
“The defendant was sworn on the trial, and was asked whether he believed the evidence given by the plaintiff (on which the defendant attempted a prosecution against him for perjury) was-material, and whether he, the defendant, believed, at the,time he made the complaint against the plaintiff for perjury, that the defendant was guilty of the charge made against him. Both of these questions were overruled, and I think erroneously. They tended, directly to repel the imputation of malice, and, perhaps, to some extent, the want of probable cause. If answered in the affirmative, and reliance was placed upon the testimony by the jury, they would tend very much to exculpate the defendant; or, at all events, to mitigate the damages. How much weight the jury would *give to such testimony, coming from the mouth of the defendant himself, was a question exclusively for them. The testimony,; I think, was competent, within the cases of Seymour v. Williams (4 Kernan, 567), Griffin v. Marquardt (21 N. Y. 121), and Forbes v. Waller (25 N. Y. 430, 439).”
Upon a fair construction of section 310 of the code, as well as upon the foregoing authority, we think the court erred in refusing:' to permit the defendant to testify as to his belief of the guilt of the- *430 plaintiff, as charged in the proceedings in said criminal prosecution. It follows that the judgment of the district court, and that of the court of common pleas, must be reversed, and that the cause must be remanded to the court of common pleas for further proceedings.
Scott,O. J., and White, Welch, and Brinkerhoee, JJ., concurred.