Guggenheim *v.* Rosenfeld.

G. GUGGENHEIM *v.* A. G. ROSENFELD AND S. LANDS-BERGER.

1. PRINCIPAL AND SURETY. *Set-off. Bills and notes.* In an action against principal and surety, a debt due to the principal alone, may be set-off against the plaintiff's suit.

2. CONTRACT. *Evidence. Statute of frauds.* It will be competent to seek to establish plaintiff's contract, to be responsible to his principal for goods credited by him as a clerk, by evidence showing that other clerks had entered into a similar obligation, and had actually paid for articles so sold. Such a contract if made is not in violation of the statute of frauds by the clerk becoming responsible for the debts of an other, under the conditions of the contract.

FROM RUTHERFORD.

Appeal from the Circuit Court of Rutherford county. W. H. WILLIAMS, J.

C. A. SHEAFE and B. L. RIDLEY for plaintiff.

RIDLEY & RIDLEY and H. P. KEEBLE for defendant.

Guggenheim *v.* Rosenfeld.

DEADERICK, C. J., delivered the opinion of the court.

The Plaintiff brought his action on a promisory note (alleged to be wrongfully in the possession of Rosenfeld), in the circuit court of Rutherford county. Defendant Rosenfeld put in several pleas, amongst them a plea of set-off. This plea alleges in substance that he had employed plaintiff as a clerk in his store with an express agreement, that he was to pay for any goods he sold upon credit without the consent of his employer, and that he had sold, contrary to his instructions, a large amount to insolvent parties, whereby the same was wholly lost, and set out the names of the parties to whom such sales were made and the amount of sales to each, and seeks to set-off the aggregate amount of said sales against the note sued on.

To this plea of set-off the plaintiff demurred and the demurrer was overruled. Plaintiff then replied to said plea, and there was a verdict in favor of plaintiff for the amount of the note and interest, and in favor of defendant on his plea of set-off for a larger amount, and judgment for the defendant by the court for the excess, from which plaintiff appealed. One ground of demurrer was that the plea of set-off seeks to charge plaintiff upon a promise to pay the debt of another in contravention of the statute of frauds.

The plea is in effect to charge plaintiff, on his own contract of assumpsit, to be liable for certain goods, sold without defendant's consent, and is not liable to the objection taken.

Guggenheim *v.* Rosenfeld.

Another objection is, that the debts are not mutual, and therefore not the subject of set-off.

The note sued on was executed by defendant and one Landsberger as his surety, and the plea avers that defendant is principal and Landsberger is his surety only.

As a general rule, in an action against several joint debtors, they cannot set-off a demand in favor of one of them. But in an action against principal and surety, a debt due to the principal alone, it is said, has in some cases been allowed to be set-off. 2 Pars. on Con., 739, Note B, where a number of cases are cited.

In the brief of counsel for defendant, we are referred to Waterman on Set-off, secs. 237, 238, as holding the same doctrine, and quoting Lord Eldon as saying, in such a case, the joint debt was nothing more than a security for a separate debt. "The principal is primarily bound to pay the debt, and sec. 2923, under the title of set-off," provides, where there are several defendants, the verdicts and judgments shall be moulded according to the facts, and to meet the exigencies of the case.

There are grounds demurrer which we need not particularly discuss, as we are of opinion they were not well taken, and that the demurrer was properly overruled.

Several of the clerks in the store were allowed to testify on the trial, over the objection of the plaintiff's, that they had special instructions not to sell on credit, they would be responsible for the goods so sold.

Some of these clerks further testified, over plaintiff's objection, that they did sell on credit, and had to pay for goods the prices of which they failed to collect.

This evidence was improperly admitted, and was of a character to prejudice the plaintiff before the jury.

Upon this issue made between the parties, there was evidence *pro* and *con,* and it was not competent to establish plaintiff's contract, to be responsible for goods credited out by him, by evidence showing that other clerks had entered into similar obligations, and had actually paid for articles where they sold on credit and failed to collect the amount due for them.

The court also rejected the testimony of Guggenheim as to whether or not he sold goods to the parties named in the plea of set-off, upon the ground that there was but one replication to the plea read upon the trial, and that it was a special replication and admitted the sale of the goods to the parties named and their insolvency, and only denied he sold without the sanction of Rosenfeld.

The plea avers that it was agreed between plaintiff and defendant that plaintiff was not to sell goods to any person on credit without the sanction of defendant, etc. And defendant avers that plaintiff did, in violation of his agreement and without defendant's sanction, sell and deliver to insolvent persons, to-wit: on a credit to numerous parties, whose names are given, goods amounting in all to $1,100.

The replication denies the making of the contract, as set out in the plea, and adds, "nor did he sell any

Guggenheim *v.* Rosenfeld.

goods to persons, in said defendant's plea set forth, on a credit without defendant's sanction," thus negativing the contract alleged in the plra, almost in the language of the pleas, and he also denies that he owes the defendant anything.

Although the language of the replication may be susceptible of the construction placed upon it by his honor, the circuit judge, as to its being a qualified denial, yet we are of opinion that by showing by the evidence that he did not sell at all, plaintiff would thereby support the material averment of his replication which negatives the averments of the plea, and we are therefore of opinion that it was error to reject the offered evidence.

For the errors indicated the judgment must be reversed.