WILLIAM GREER v. THOMAS AND MOSES WHITFIELD.

1. PRACTICE AND PLEADING. *Prosecution bond. Rule to justify or give new security.* After a Circuit Judge has once entertained an application for the enlargement of the penalty of a prosecution bond and accepted the sureties, he cannot be required to make a rule upon the plaintiff to justify or give new security upon affidavits stating no new facts, where the penalty of the bond is sufficient to cover the costs and damages which may be awarded.

1. CHANGE OF VENUE. *Courts of same jurisdiction. Judge should select.* Upon a change of venue, if there are two courts of the same jurisdiction in the county to which the venue is changed, the Judge ordering the change must select the court to which the transfer shall be made, and his action cannot be revised in the absence of anything showing an abuse of discretion.

3. MALICIOUS PROSECUTION. *Evidence. Malice.* In an action for malicious prosecution, the defendant is entitled to testify as to his belief of the guilt of the plaintiff when he commenced the prosecution against him, and that he instituted the prosecution without malice.

4. SAME. *Probable cause.* In an action for malicious prosecution, it is error to charge the jury that the law would infer malice from the absence of probable cause.

---

FROM DAVIDSON.

---

Appeal in error from the Law Court of Davidson County. Jo. C. GUILD, J.

JOHN A. CAMPBELL and N. S. BROWN, for Greer.

JOHN E. & A. E. GARNER and CLAY ROBERTS, for Whitfield.

Greer *v.* Whitfield.

COOPER, J., delivered the opinion of the Court.

Thomas Whitfield and Moses Whitfield each brought a separate action against William Greer for malicious prosecution. The two cases were tried at the same time, by the same jury, and on the same evidence, by consent of parties, but as separate suits, and the jury returned a several verdict in favor of each plaintiff against the defendant for a different amount of damages. From the judgments rendered by the Court on these verdicts the defendant appealed in error

In October, 1870, the plaintift in error was robbed of a considerable sum of money. A few weeks thereafter, and after consulting counsel, he caused one William Whitfield and his three sons, William, Thomas and Moses, to be arrested and brought before a justice of the peace, who, after hearing the evidence, bound the elder Whitfield to appear at court, and the sons were discharged.

Indictments were subsequently found by the grand jury, plaintiff in error being the prosecutor, against William Whitfield and Thomas Whitfield for the robbery, upon which they were tried and acquitted, and the plaintiff in error was, by the court, taxed with the costs. Thereupon, each of the four Whitfields commenced a separate suit against Greer for malicious prosecution.

The venue was changed at the instance of the defendant to the county of Davidson, in which there were two courts of concurrent jurisdiction,

Greer *v.* Whitfield.

the Circuit Court and the Law Court. The defendant desired the transfer to be made to the Circuit Court, but the presiding Judge, over the defendant's objection, made the transfer to the Law Court. It was agreed that the causes should be tried at the same time, but after a jury was obtained, though not sworn, William Whitfield, Sr., and William Whitfield, Jr., dismissed their suits. The other cases were tried, with the result stated.

It seems that each of the suits was commenced upon a prosecution bond in the penalty of $125, but the penalty was afterwards increased by the order of the Court to $200. Pending the delay previous to the trial, the defendant below made repeated and unsuccessful efforts to induce the Circuit Judge to further increase the penalty of the prosecution bonds, and to compel the plaintiffs to give additional security. The defendant excepted to these refusals of the Court to entertain his motion, and on one occasion took a bill of exceptions embodying his affidavit and the action of the Court. He now assigns the ruling of the Court as error. The law undoubtedly requires every plaintiff who brings an action for malicious prosecution to give sufficient security for the payment of all costs and damages which may be awarded against him : Code secs. 3191, 3192. It also provides that such a plaintiff may, at any stage of the cause, be ruled to justify or give new security on sufficient cause shown : Code, sec. 3191. The Circuit Judge had, however, previous to the application in question,

required new bonds with the penalty increased, which were given and accepted. The affidavit offered, while very positive in its expressions of opinion, does not show any change of circumstances or new facts which required the Court to go behind its previous action. Nothing is better settled in legal practice than that an order once made, or action taken upon full deliberation will not, as a general rule, be interfered with except from a change of circumstances or new fact supervening, and this for the obvious reason that the whole time of the Court might otherwise be taken up with motions repeated *ad infinitum,* if counsel chose to be contrary or persistent. The Judge seems to have satisfied himself that the penalty of the bonds already taken was sufficient to meet the costs up to that term when the defendant ought to have been ready for trial. We cannot see that there has been any such abuse of the discretion which the law gives him as to call for revision by this Court, especially in view of the fact that the costs thus far, either by reason of his repeated continuances or by the result of the trial, have, so far as the defendants in error now before us are concerned, fallen upon the plaintiff in error.

Upon a change of venue, the law requires that the cause shall be transferred to the nearest adjoining county: Code, sec. 2839. The transfer is, of course, to a court of the same character and jurisdiction as the court in which the suit is pending. If there be two courts in the nearest county

Greer *v.* Whitfield.

answering the description, it must necessarily be left to the Judge to direct to which court the transfer shall be made. Perhaps it would have been courteous on his part to have yielded to the wishes of the party at whose instance the change of venue was made, all other things being equal as they were in the eye of the law. Yet the matter was clearly in his discretion, and, in the absence of anything to show an abuse of that discretion, we cannot revise it.

The plaintiff in error was introduced as a witness, and, in the course of the examination in chief, was asked by his counsel: "If he prosecuted the plaintiffs with an honest belief of their guilt and without malice?" Upon objection taken by the defendants in error the Court refused to allow the question to be answered, to which ruling of the Court the plaintiff in error then excepted, and now assigns it as error.

To maintain this action, the plaintiff must show malice and the want of probable cause: *Kendrick v. Cypert*, 10 Hum., 291. The question is not whether the plaintiff was really guilty of the crime charged against him, but whether reasonable grounds existed for the defendant to believe him guilty: *Raulston* v. *Jackson*, 1 Sneed, 127. Probable cause is the existence of such facts and circumstances as would excite in a reasonable mind the belief that the person charged was guilty of the crime for which he was prosecuted. It is not sufficient that the party really believed that the crime had been

committed by the person accused, when, in truth, the facts within his knowledge were insufficient to create the belief in the mind of a reasonable man: *Hall* v. *Hawkins*, 5 Hum., 357; *Winebiddle* v. *Porterfield*, 9 Pa. St., 139. Probable cause does not, therefore, depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting: *James* v. *Phelps*, 11 Ad. & El., 489; *Swain* v. *Trafford*, 4 Iredell, 389. Whether he did so believe or not is a fact to be found by the jury: *Surner* v. *Ambler*, 11 Jur., 346. His belief is a material issue of fact, as is also his malice; *Potter* v. *Scales*, 8 Cal., 220. Under the statute law, a party to an action is a competent witness except in actions or proceedings by or against executors, administrators or guardians, in which judgments may be rendered for or against them, and except also in the case of a husband or wife called to testify to facts which came to his or her knowledge by means of the marital relation: Code, sec. 3813*d*; *Patton* v. *Wilson*, 2 Lea, 101. Being a competent witness, he may, of course, testify to any material fact. The question is, therefore, directly raised by the assignment of error, whether the defendant below should have been allowed to answer the interrogatory put to him. The point comes before this Court for the first time, but it has been repeatedly presented, under the new rules of evidence, to the courts of some of our sister States.

In an action for malicious prosecution of the

plaintiff for perjury, the defendant was asked whether at the time he made the complaint against the plaintiff he believed him guilty of the charge, the trial court excluded the evidence and the court of appeals reversed the judgment for this error. Another point made below was that the matter sworn to was immaterial. The defendant was also asked whether, at the time he made the complaint, he believed the evidence given by the plaintiff was material. The trial court excluded the testimony, and such exclusion was also held to be erroneous. "Both of these questions," say the Court, "tended directly to repel the imputation of malice, and perhaps, to some extent the want of probable cause. If answered in the affirmative, and reliance was placed upon the testimony by the jury, they would tend very much to exculpate the defendant; or, at all events, to · mitigate the damages. How much weight the jury would give to such testimony was a question exclusively for them: *McKown* v. *Hunter*, 30 N. Y., 625. The same high Court has decided a number of cases involving the right of a party to depose to an intent or state of mind which seems fairly to establish the general principle that where the motive of the witness in performing a particular act or · making a particular declaration becomes a material issue in a cause, or reflects an important light upon such issue, he may himself be sworn in regard to it, notwithstanding the difficulty of furnishing contradictory evidence, and notwithstanding the diminished credit to which his

testimony may be entitled as coming from the mouth of an interested witness: *Seymour* v. *Wilson*, 4 Kernan, 567; *Griffin* v. *Marquardt*, 21 N. Y., 121; *Forbes* v. *Waller*, 25 N. Y., 430.

The same rule has been applied in a criminal case: *Kerrains* **v.** *People*, 60 N. Y., 221. The Supreme Court of Nebraska, in a case like the present, in which the law touching the defendant's belief is laid down precisely as in our cases, held that the defendant was entitled to testify in regard to his belief of the guilt of the plaintiff when he commenced the prosecution against him, and that he instituted the prosecution without malice: *Turner* v. *O'Brien*, 5 Neb., 542. No authority has been adduced in conflict with these rulings. The Court erred in excluding the testimony under consideration.

The Circuit Judge erred also in charging the jury that the law would infer that the prosecution was malicious from the absence of circumstances showing probable cause. And this for the obvious reason that to sustain the action there must be both malice and a want of probable cause. Malice may be inferred by the jury from the want of probable cause, but the law makes no such presumption. It is a mere inference of fact, which the jury may or may not make, and it should be left to them: *Johnson* v. *Chambers*, 10 Iredell, 287; *Mitchell* v. *Jenkins*, 5 B. & H., 588; *Newell* v. *Dowm*, 8 Blackf., 274; *Pharis* v. *Lambert*, 1 Sneed, 232.

For these errors, without considering other points made, the judgment must be reversed, and the cause remanded for a new trial.