T. A. Sloan v. M. W. McCracken.

DAMAGES. *Attachment. What proof must show.* In an action to recover damages for the wrongful prosecution of an attachment suit, the plaintiff must show that the suit was decided in his favor, or at any rate that the attachment was dismissed.

FROM BRADLEY.

Appeal in error from the Circuit Court of Bradley county. D. C. TREWHITT, J.

C. F. BATES for Sloan.

———— for McCracken.

COOPER, J., delivered the opinion of the court.

On January 10, 1878, McCracken sued Sloan before a justice in a plea of damages to to the amount of thirty dollars "for depriving him of the use of one hack from the 21st day of November, 1877, to the 10th of January, 1878." There was an appeal from the justice's judgment to the circuit court, where the judge tried the case without a jury, and rendered a judgment in favor of McCracken for fifteen dollars, and sloan appealed in error.

It appears from the bill of exceptions that Sloan, on the 21st of November, 1877, sued out an attachment against the estate of McCracken for a balance of debt by note due January 1, 1878, upon the groun

that he was about fraudulently to dispose of his property, which attachment was levied the same day on "one hack and seats." McCracken appeared before the justice who tried the attachment suit, and made defense. No copy of the proceedings and judgment was offered in evidence. The justice was introduced by the defendant below and testified, without objection, that on January 4, 1878, he rendered judgment in favor of Sloan against McCracken for the amount of the debt claimed, which McCracken stayed, and afterwards paid. The officer who levied the attachment retained possession of the property attached until the judgment was stayed, when he turned it over to McCracken. There is evidence tending to show that McCracken was not about fraudulently to dispose of his property when the attachment was sued out.

The action is brought to recover damages for the wrongful suing out of the attachment in the original cause. Such an action is the common law action for the malicious prosecution of a civil suit, and is grounded upon malice and the want of probable cause: *Smith* v. *Eakin*, 2 Sneed, 457, 462. The plaintiff must show that the suit complained of is ended, and ended by a decision in his favor: *Memphis Gayoso Gas Co.* v. *Williamson*, 9 Heis., 314; *Pharis* v. *Lambert*, 1 Sneed, 228. For, if the decision were in favor of the plaintiff, the judgment would be conclusive that there was probable cause, unless shown to have been procured by fraud. There is no pretense of fraud in the procurement of the judgment in the case before us. The judgment is not produced, but it appears

to have been rendered in favor of Sloan. The fact that the property attached was surrendered to the defendant after he had stayed the judgment would only imply that the plaintiff was satisfied with the security of the stayor, and would not show that the attachment was wrongfully sued out, much less that it was so adjudged. The plaintiff below in the present suit has failed to show a decision in his favor in any respect in the attachment suit, and his action necessarily fails.

Reverse the judgment, and render judgment in favor of the plaintiff in error.