Herzog and Uhlman *v.* Graham.

LOUIS HERZOG AND HENRY UHLMAN *v.* JESSE A. GRAHAM.

PLEADINGS AND PRACTICE. *Declaration. False imprisonment.* It is a good defense to a declaration for false imprisonment, to show that the arrest was under lawful and valid process, issued by a competent tribunal, having jurisdiction. Under a declaration for false imprisonment plaintiff cannot recover upon proof showing a case of malicious prosecution.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

L. & E. LEHMAN for Herzog.

W. S. &. J. R. FLIPPIN for Graham.

McFARLAND, J., delivered the opinion of the court

Graham brought this action. The first count of his declaration is for $1000 damages for maliciously and illegally arresting and imprisoning him, or causing him to be arrested and imprisoned for — days from the — day of November, 1879, in the city of Memphis, Shelby county, Tennessee. The second count varies the statement thus: "for illegally and without probable cause arresting and imprisoning him," etc. The third count is "for maliciously, illegally and without probable cause arresting and imprisoning him," etc.

The defendants pleaded not guilty, and also justified under legal process. The proof was that the plaintiffs and Herzog, one of the defendants, were in competition in business in Memphis. Uhlman was in the employ of Herzog. They—Herzog and Uhlman—concluded that the plaintff was injuring their business, and therefore, Uhlman "swore out" a warrant against him for doing business without a license. The warrant was in due form, issued by a proper officer having jurisdiction, and the charge was one justifying the arrest. The warrant was delivered to a policeman, who arrested plaintiff, and detained and imprisoned him for a short time. Upon a hearing he exhibited his license and was discharged.

There was evidence showing that Herzog aided or encouraged the proceedings, and also that defendants might easily have ascertained that the plaintiff had a regular license to do business. The cause was tried by the judge without a jury, he found that the arrest was under process legal and good on its face, but as the process was obtained without any ground, therefore the action would be maintained and gave judgment for the plaintiff for $200.

The error assigned, is that the declaration is for false imprisonment, and that it is a good defense to this action to show that the arrest was under lawful and valid process—issued by a competent tribunal having jurisdiction. That the plaintiffs cannot be allowed, under this declaration, to recover upon proof showing a case of malicious prosecution.

We are constrained to hold the point well taken.

The first count in the declaration is the form for false imprisonment given in the Code, sec. 2939. The second count omits the word "*maliciously,*" but avers that the arrest was illegal and without probable cause. The third is that it was "malicious, illegal and without probable cause." We think all the counts are for false imprisonment, and they have not the requisites of a declaration for malicious prosecution. The distinction is that false imprisonment is some interference with the personal liberty of the plaintiff, which is absolutely unlawful and without authority. Malicious prosecution is in procuring the arrest or prosecution under lawful process on the forms of law, but from malicious motives and without probable cause.

If the imprisonment be *illegal* the action may be maintained, although there be no malice, though malice will aggravate the damages, and the same may be said as to "probable cause." On the other hand, if the imprisonment be under lawful and valid process, the action for false imprisonment will not lie. If the process, however, has been sued out maliciously, and without probable cause, after the prosecution is ended, the party aggravated may maintain his action for malicious prosecution: See Waterman on Trespass, secs. 293, 307 and 367; Caruthers History of a Lawsuit, sec. 273. The declaration in such case should set out only the nature of the prosecution, that is, the nature of the process or legal proceedings resorted to. That it was malicious and without probable cause, and that the proceedings was ended. If in the present case the imprisonment was illegal, then the policeman who

executed the process and made the arrest would also be liable to the action, but the process being regular and valid, and issued by a competent tribunal having jurisdiction, he would be protected, and those who aided and assisted him in the arrest and imprisonment, would be equally protected from the action for false imprisonment. Those, however, who procured the process to issue, or aided therein, are liable to an action for malicious prosecution, if they acted maliciously and without probable cause.

So, this case turns upon the question whether the declaration or other counts thereof makes a case for malicous prosecution, or whether they are all counts for false imprisonment. As we have seen, the first count is the form for false imprisonment prescribed by the Code. The word "maliciously" in this count is, perhaps, unnecessary, though malice in such cases, as we have seen, may aggravate the damages. The word "without probable cause" in the other counts, though appropriate to an action for malicious prosecution, are not of themselves sufficient to change the nature of the action, the other material averments being wanting. These counts but charge a case of false imprisonment, and add, unnecessarily, that it was without probable cause. If the declaration had contained a statement of the facts of the case, it would, under the Code have been sufficient without regard to the form. But the declaration only giving the defendants notice of an action for false imprisonment, and they having met this with a plea and proof showing they acted under valid legal process, it was error to allow a recovery upon a

wholly different ground. While not disposed to be overly strict, we must still hold that the proof must be confined to the allegations in the pleadings, and which, after verdict especially, we would make every intendment in favor of the sufficiency of the pleading, yet we are constrained to hold that the proof and finding of the court below do not authorize a recovery under the declaration.

The judgment must, therefore, be reversed, and judgment rendered for the defendant.

Reversed.