C. R. BOYCE et al. v. EARLY-STRATTON CO.

Western Section. January 10, 1930.

Petition for Certiorari denied by Supreme Court, March 15, 1930.

C. M. Bryan and Ewing, King & King, all of Memphis, for appellant.

Fitzhugh & Fitzhugh, of Memphis, for appellee.

HEISKELL, J.   This is a suit for fifty thousand dollars ($50,000) damages for the malicious and wilful suing out of an attachment. The declaration alleged that the defendant, Early-Stratton Company through its attorney, maliciously and wilfully sued out an original attachment in the court of R. C. Strehl, Justice of the Peace, against C. R. Boyce; that pursuant to the attachment the plaintiff's account and collateral at the Union & Planters Bank & Trust Company of Memphis, Tennessee, were tied up for several days and that the plaintiff's credit was greatly injured and their business injured as a result thereof.

The defendant filed pleas of not guilty and the cause came on for trial before the Hon. M. R. Patterson, Judge of Division One of the Circuit Court, and a jury, on March 28, 1929.

Before the trial, the plaintiffs obtained leave to amend their declaration by alleging that the suit in the Magistrate's court of R. C. Strehl was ended and was terminated in plaintiff's favor.

At the close of the plaintiff's proof, the court sustained the motion of defendant for a directed verdict holding that in a case of this nature there must be a final ending of the suit and it must have terminated in favor of the plaintiffs, and that since the records of the Justice's court showed that the attachment was sustained, and no appeal had been taken from the judgment sustaining the attachment, this conclusively showed that the suit had not been ended favorably to the plaintiffs.

From this action of the trial court, the plaintiff has appealed and assigned errors.

On March 11, 1927, Boyce & Kausler made a remittance to Early-Stratton Company which the latter insists included an item of $212.92 due them from Boyce & Kausler for interest for carrying their account. On May 25, 1927, Boyce & Kausler deducted this item of $212.92, from another bill rendered to them by Early-Stratton Company. Boyce & Kausler insist that this item is not due, that they do not owe it and did not intend to pay it in March, 1927.

A number of letters passed between Early-Stratton Company and Boyce & Kausler, or C. R. Boyce, with regard to this item of $212.92 the former insisting on payment and the latter contending that they ought not to pay. C. R. Boyce finally declined to pay the item and thereupon Early-Stratton Company by attorney, brought suit to collect said item on April 17, 1928, in the Justice's court of R. C. Strehl. The summons read: "You are commanded to summon C. R. Boyce doing business as Boyce-Gautier Co." and on June 18, 1928, the deputy sheriff made the following return: "Not to be found in my County so as the due process of law may be served."

Nearly two months after the suit was brought, to-wit, on June 5, 1928, defendant's attorney again wrote plaintiff, C. R. Boyce, and requested him to accept service of the summons so that it would not be necessary to attach any of his property. The letter stated that it had been impossible to obtain service on Boyce because he had been absent from Memphis the greater part of the time since suit had been brought. He further stated that he wished to extend to Boyce every courtesy. No reply was made by Boyce to this letter.

Thereupon, on June 19, 1928, the magistrate, at the request of defendant's attorney, issued an attachment against C. R. Boyce, doing business as Boyce-Gautier & Company. Defendant insists that this was a judicial attachment based on the return of not to be found, whereas, the plaintiff contends that the attachment was based upon the affidavit that Boyce was a non-resident. We consider this immaterial.

On the attachment, a garnishment was served on the Union & Planters Bank & Trust Company, and said bank answered the garnishment on June 20, 1928, by averring that it had $62.09 in its possession belonging to Boyce-Gautier & Company. Then on June 22, 1928, the day before the trial, the Bank filed an amended answer setting up that it held 476 bales of cotton belonging to Boyce-Gautier & Company.

On June 21, 1928, C. R. Boyce filed a motion to dismiss the attachment on the ground that he was not a non-resident of Tennessee.

The case came on to be heard before R. C. Strehl, Justice of the Peace on June 23, 1928, and this entry appears on his docket: "Attachment sustained Garnishee released." The garnishee bank was released on the morning of June 23, 1928.

On July 9, 1928, another summons was issued from the office of R. C. Strehl for C. R. Boyce to answer Early-Stratton Company on account of this same disputed item of $212.92 and interest thereon. On this summons there appears the following return: "Came to hand ninth day July, 1928, and executed fifteenth day of October, 1928, on C. R. Boyce."

The assignments of error are as follows:

The court erred in directing a verdict for the defendant, on the conclusion of the plaintiff's proof.

Plaintiff's proof established that an attachment had been sued out against Boyce, Gautier & Company, and levied upon their property in a suit against C. R. Boyce alone, and a matter in which the Boyce, Gautier Company was not in any way interested.

The proof further established that no debt was due from the parties whose property was levied upon to the plaintiff, and,

That the proceedings were dismissed when the garnishment was discharged, and the suit abandoned, and,

That the proceedings were further dismissed by the bringing of a second suit of July 9, on the same cause of action.

The endorsement on the docket "attachment sustained," was a mere verbiage if the garnishment was dismissed, and the abandonment of the suit was such a termination in favor of the plaintiff as justified the bringing of an action.

We do not understand plaintiff to contend in argument that if Boyce owed the debt in question, his interest in partnership property could not be reached, but we understand the contention to be that Boyce did not owe the $212.92 and that the attachment was ended in his favor.

There are certain propositions applicable to this case which cannot be disputed, and we do not understand there is any attempt to deny them.

In order to recover in a suit for damages for the malicious and wrongful suing out of an attachment, the plaintiff must show that the suit complained of is ended, and ended by a decision in his favor. Sloan v. McCracken, 75 Tenn. 626; Swepson v. Davis, 109 Tenn. 109'; Gas Co. v. Williamson, 9 Heisk. 314; Pharis v. Lambert, 1 Sneed 228; Rosen v. Levy, 120 Tenn. 648; Morgan v. Duffy, 94 Tenn. 686.

The principles of the common law on the subject of actions for malicious prosecution suits apply to actions for damages for wrongful suing out of an attachment, and in order to recover, plaintiff must show malice and lack of probable cause, and a decision of the attachment suit in his favor. Smith v. Story, 4 Humph. 173; Herzog and Uhlman v. Graham, 77 Tenn. 153; Pharr v. Lambert, 1 Sneed 228; Sloan v. McCracken, 7 Lea 626; Gas Co. v. Williamson, 8 Heisk. 314; Evans v. Thompson, 68 Tenn. 537; Kendrick v. Cypert, 29

Tenn. 171; Raulston v. Jackson, 33 Tenn. 77; Woolworth v. Conners, 142 Tenn. 681; Roberts v. Smart Motor Co., 4 Tenn. App. 276.

The trial court held that plaintiff did not show that the attachment suit was ended in his favor and therefore could not maintain the suit. It is conceded for the defendant that if the record in the magistrate's office showed a dismissal of the attachment, or an adjudication that the Early-Stratton Company had no right to recover on the claim sued for, that either entry would show the attachment suit ended in favor of the plaintiff in the present suit. But it is denied by defendant that the attachment was ended in favor of Boyce either as to the attachment or the debt. It would be useless to consider all the authorities cited in favor of the plaintiff. They go no farther than the concessions made by the defendant. To notice a few of the cases will show this. Take first the cases relied on to show that where the debt sued on in the attachment is not due, suit can be maintained for the attachment as wrongful.

Trentham v. Bailey, 85 Ind. 33, was a suit on the attachment bond. The case went off on demurrer and the complaint alleged the attachment, sale of goods thereunder, and that judgment was finally rendered for plaintiffs. It was held that this alleged a cause of action.

State use of Clifford v. Beldsmeier, 56 Mo. 226, holds that under the statute 18565 (Wayn Stat. p. 169, Sec. 42) defendant in an attachment suit who obtains a judgment in his favor on the merits, may sue on the attachment bond without having entered a plea in abatement to the attachment. Clifford being a non-resident could not successfully plead in abatement, and therefore pleaded to the merits and was successful and thereupon sued on the attachment bond.

McLinn v. Worden, 99 Miss. 547, is substantially the same as the 56 Mo. case except a recovery on the attachment bond seems to have been allowed in the attachment suit upon judgment on merits in favor of defendant under a provision of the Code of Mississippi.

These cases it will be seen, are all suits on the bond based upon final determination of the attachment suit on the merits in favor of the attachment defendant. We find no case cited by the plaintiff in the present case that goes any further. No case that holds that without an adjudication on the merits, no debt is due, and without a dismissal of the attachment the defendant in the attachment suit can sue even on the bond. No case that meets the contention of the plaintiff here, that he can sue without an adjudication that he does not owe the debt and make the proof in the present case. And further, even if the proof introduced by the plaintiff here to show that he does not owe the debt can be considered as competent, it is equivocal and doubtful. The plaintiff's own proof, which is all there is,

shows a suit pending undecided involving this question of the debt, and besides shows that there was at least probable cause for the attachment so far as the debt, at least, was concerned.

But the plaintiff says the discharge of the garnishee was equivalent to the dismissal of the attachment, and that if this is not true the issuance of another summons was an abandonment of the attachment suit and equivalent to a dismissal of the suit.

No authority is cited by plaintiff which supports the contention that the entry of the magistrate in this case operated as a dismissal of the attachment and ended the case in favor of Boyce. The cases cited to support this contention are not in point. On the other hand at least one authority is presented by counsel for the defendant to the effect that a discharge of the garnishee is not equivalent to a dismissal of the attachment.

In Sloan v. McCracken, 7 Lea 626, the Court said:

"The action is brought to recover damages for the wrongful suing out of an attachment in the original cause. Such an action is the common-law action for the malicious prosecution of a civil suit, and is grounded upon malice and the want of probable cause: Smith v. Eakin, 2 Sneed 457, 462.

"The plaintiff must show that the suit complained of is ended, and ended by a decision in his favor: Memphis Gayoso Gas Co. v. Williamson, 9 Heisk., 314; Pharis v. Lambert, 1 Sneed, 228. For, if the decision were in favor of the plaintiff, the judgment would be conclusive that there was probable cause, unless shown to have been procured by fraud. There is no pretense of fraud in the procurement of the judgment in the case before us. The judgment is not produced, but it appears to have been rendered in favor of Sloan. The fact that the property attached was surrendered to the defendant after he had stayed the judgment would only imply that the plaintiff was satisfied with the security of the stayor, and would not show that the attachment was wrongfully sued out, much less that it was so adjudged. The plaintiff below in the present suit has failed to show a decision in his favor in any respect in the attachment suit, and his action necessarily fails."

The facts of that case differ from the present, but it at least holds that the release of the garnishee did not so end the attachment as to show that it was wrongful and did not show a decision in favor of the defendant in the attachment suit.

In the present case the entry on the Justice's docket is "Attachment sustained. Garnishee released." In the 7 Lea case the judgment was for the plaintiff as to the debt, but garnishee released. The magistrate in the entry involved in the present case might well have intended to hold that the attachment was properly issued as

a judicial attachment, but the garnishee was released because the attaching creditor consented to it. The defendant in the present case introduced no proof as a verdict was directed on plaintiff's proof. Two witnesses testified on behalf of plaintiff as to what took place in the office of Justice Strehl at the time of the entry on his docket June 23, 1928, Boyce and his attorney, Earl King. The testimony of Boyce indicates that the attorney for Early-Stratton Company said they would release the garnishee, while Mr. King insists the agreement was to dismiss the attachment. If the entry on the docket could be overthrown by collateral evidence at all, it could scarcely be done by plaintiff's testimony in conflict with that of his attorney. The proof rather supports the presumption in favor of the docket entry meaning the attachment is valid, but by agreement the garnishee is released. This cannot be considered a judgment final in favor of Boyce.

Suppose the record presented a case like this: There had been a colloquy between counsel in the magistrate's office and the plaintiff in that suit was insisting that the defendant had agreed that a personal judgment might go against him upon the dismissal of the attachment, but the defendant insisted that it was only understood that the attachment should be dismissed and the docket of the Justice of the Peace showed the entry merely "attachment dismissed." An execution could not be sued out by plaintiff on proof of what entry the magistrate should have entered. Before he could base any process on the entry it would be necessary to have it changed in some way so as to show a judgment in his favor and against the defendant. This might be accomplished in different ways. The magistrate might seek to correct his docket if he had made a clerical mistake, or it might be corrected by appeal or certiorari, but until something was done to make the court record show a judgment for plaintiff, he could not have an execution. So in the instant case it is necessary for the plaintiff in order to maintain his suit, to show that the attachment suit was ended in his favor. He brings the entry from the docket of the Justice of the Peace, which to say the least, fails to show affirmatively a judgment in his favor. If it was the understanding at the time that the attachment should be dismissed, or that the suit should be dismissed, the defendant in that case should have seen to it that the magistrate made the proper entry. If the magistrate would not do this, the defendant could have appealed with his appearance limited to his plea in abatement, and if he did not discover the error in the entry in time to take his appeal, he would have had his recourse to the writ of certiorari, but he cannot leave the entry as it is and change it into a determination in his favor by parol testimony, especially when that testimony is conflicting.

The plaintiff contends that the bringing of another suit by suing out another summons worked an abandonment of the attachment suit and therefore it must be considered as ended in favor of the plaintiff. If it be conceded that the attachment suit is abandoned, still this does not obviate the difficulty in the way of plaintiff by reason of the docket entry. But it is not true, in this state, that bringing a new suit works an abandonment of a pending suit. The only effect it has is to enable the defendant in the two suits to require the plaintiff to elect which suit he will prosecute. A number of cases are cited for plaintiff to support this contention, but we cannot see that they have any application to the present case. No authority cited supports the insistence, that the suing out of another summons, the bringing of a new suit for the debt claimed, had the effect to make the docket entry of Justice Strehl a final judgment in favor of Boyce.

Besides all this the defendant insists, that even if the foregoing contentions were decided in favor of plaintiff that there was no error in the directed verdict, because the plaintiff proved neither malice nor actual damage. We think it is true that the plaintiff fails to show malice or damage. It may be said that the plaintiff would be at least entitled to nominal damages. If the case depended on this question we think it should not be reversed where the only result of the directed verdict is to deprive the plaintiff of the opportunity to recover nominal damages.

It results that all assignments of error are overruled and the judgment of the lower court is affirmed. Plaintiff and surety on appeal bond will pay the costs of the appeal.

Owen and Senter, JJ., concur.