**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0334n.06

No. 12-5218

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

*Apr 03, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| **TIMOTHY SCOTT HUTTEN,** | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **LT. RICKY KNIGHT; JOHN MAXWELL,** | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| **Defendants-Appellants** | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, MARTIN, and CLAY, Circuit Judges.

**MERRITT, Circuit Judge**.   This Section 1983 case appeals the denial of qualified immunity to two Brentwood, Tennessee, police officers.  For the reasons set forth below, we affirm the judgment of the district court.

### I. Facts

The facts in this case are clearly in dispute.  While driving in Brentwood, Timothy Hutten saw police standing in the middle of the road in an attempt to catch speeders.  Hutten pulled over and claims he said, "Someone's liable to get shot or run over standing in the middle of the road."  The Defendant officers in this case insist he mentioned a gun and stated that he was alarmed.  Either way, Hutten left and did not encounter the officers again until he came to the Brentwood Police Department later that day to file a complaint.  Before Hutten left the police department, he was

informed that he would be charged with disorderly conduct. The Williamson County General Sessions Court retired the charges, conditional upon Hutten not incurring any new charges within the next 30 days and only calling law enforcement for emergency purposes. He complied and the charges were retired.

Hutten filed the instant Section 1983 action against the Brentwood officers for a violation of his Fourth Amendment right to be free from arrest absent probable cause and for a violation of his First Amendment right to be free from retaliatory arrest for criticizing a police officer. The officers asserted qualified immunity.

The district court, in a thorough, well-reasoned opinion, denied qualified immunity to the officers on both claims because there are genuine issues of material fact as to whether the officers had probable cause to arrest Hutten and both the Fourth and First Amendment rights were clearly established. *See Hutten v. Knight*, No. 10-cv-105, 2012 WL 246302 (M.D. Tenn. Jan. 26, 2012). We rely on the reasoning of the district court in affirming the denial of qualified immunity and will only briefly address the issue of the retirement of charges as it relates to a finding of probable cause because the issue is the central premise of the Defendants' argument.

## II. Analysis

The officers contend that the retirement of charges by the General Sessions Court was an admission of probable cause, thus preventing Hutten from contesting probable cause. This contention is based on Tennessee malicious prosecution cases that hold that a "judgment in favor of the original plaintiff is conclusive of probable cause, unless procured by fraud." *Christian v. Lapidus*, 833 S.W.2d 71, 74 (Tenn. 1992) (citing *Sloan v. McCracken*, 75 Tenn. 626, 627 (1881)).

First, this is not a malicious prosecution case. Neither is this a case involving some type of agreement, plea deal, or pre-trial diversion. *See, e.g.*, *Mitchem v. City of Johnson City*, No. 2:08-CV-238, 2010 WL 4363399, at *6 (E.D. Tenn. Oct. 27, 2010). The General Sessions Judge simply retired the charges. Nothing more. There was no admission of guilt. There was no determination on whether the officers had probable cause to arrest Hutten, *see Anderson v. Wal-Mart Stores*, No. 1:07-00024, 2008 WL 1994822, at *4, 6 (M.D. Tenn. May 2, 2008) (concluding that a "'retirement' or 'diversion' . . . did not reflect on the merits of the underlying action"), and Hutten is not now precluded from arguing that there was no probable cause. *See also Bowman v. Breeden*, 1988 WL 136640, at *2 (Tenn. Ct. App. Dec. 20, 1988) (describing "a cause dismissed pursuant to a compromise and/or settlement" as "an indecisive termination"). As a Section 1983 plaintiff, he does not concede probable cause by agreeing to be a law-abiding citizen and not to bother the police for any reason other than an emergency. The retirement of charges is not an admission of probable cause. Because there are genuine disputes of material fact as to whether the officers had probable cause to arrest Hutten, a jury must be the final arbiter in this case.

## III. Conclusion

The officers are not entitled to qualified immunity. Accordingly, the judgment of the district court is affirmed.