Morgan v. Duffy.

## MORGAN v. DUFFY.

### (*Jackson.*    April 20,    1895.)

1. CONTINUANCE.   *Properly refused.*

The Court's action refusing continuance, and directing joinder of formal issue upon a plea, and immediate trial, is not erroneous, when no objection was made to the state of the pleadings until the case was called for trial, and it does not appear, either by affidavit for continuance or for new trial, that any injury resulted from the Court's action.   (*Post, pp. 687, 688.*)

2. MALICIOUS PROSECUTION.   *Malice.*

Actual malice, in the sense of ill will or personal hatred, need not be shown to sustain action for malicious prosecution.   Any improper motive is sufficient to constitute legal malice, and malice will be inferred when the avowed object of an unsuccessful prosecution was to enforce payment of a debt.   (*Post, p. 688.*)

Case cited and approved : 13 Neb., 492.

3. SAME.   *Advice of counsel.*

Advice of counsel affords no defense to a charge of malicious prosecution where the facts were known to defendant and his counsel and did not justify the belief that plaintiff was probably guilty of the crime charged.   (*Post, pp. 689, 690.*)

4. SAME.   *Statute of limitations.*

Until a prosecution is ended, the statute of limitations does not begin to run against an action for malicious prosecution based thereon.   (*Post, p. 690.*)

5. SAME.   *Damages not excessive.*

A verdict for $500 damages in an action for malicious prosecution is not excessive where the proof shows that plaintiff was arrested and imprisoned on a charge of felony, without probable cause, and for the avowed purpose of compelling him to pay a debt.   (*Post, pp. 690, 691.*)

Morgan *v.* Duffy.

6. ARGUMENT OF COUNSEL. *Not ground for reversal, when.*

Improper remarks of counsel, made during the course of argument, afford no cause for reversal where no objection was made at the time of their utterance, and no action of the lower Court invoked thereon. (*Post, p. 691.*)

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

BELL & HORN and L. D. CARDWELL for Morgan.

WILLIAM FITZGERALD and F. J. BYRNE for Duffy.

WILKES, J. This is an action for malicious prosecution. The case was tried before the Judge and a jury, and resulted in a verdict for the plaintiff for $500, and defendant has appealed and assigned errors.

Morgan was arrested upon a Justice's warrant charging him with having obtained goods under false pretenses. He was placed in jail about five o'clock one evening, and released about ten o'clock the next morning. The declaration alleged that the prosecution of plaintiff was finally ended January 3, 1893, and the summons in this case was issued December 29, 1893. The defendant plead the statute of limitation. It was filed February 9, 1894. The cause was set for trial December 7, 1894. It was then

reset for January 4, 1895. When it was called on
the latter day, defendant asked for continuance on
the ground that no issue had been taken upon his
plea of the statute of limitation. The Court there-
upon directed issue to be joined, which was done,
and the Court refused the continuance. The joinder.
of issue in such case was matter of form, and it
is not shown that defendant was in any way preju-
diced by being required to go to trial without con-
tinuance. He made no affidavit, nor does it appear
that any of his witnesses were absent, or that he
was in any way unprepared for trial, nor does such
fact appear from the affidavit on motion for new
trial. It is said that the verdict of the jury was
contrary to the charge of the Court and to the evi-
dence, inasmuch as no malice was shown and de-
fendant acted on the advice of counsel and had no
actual malice. Actual malice, in the sense of ill
will or personal hatred, need not be shown. Any
improper motive is sufficient to constitute legal malice,
and malice will be inferred when the object of the
prosecution is to enforce payment of a debt. 14
Am. & Eng. Ency. of Law, 23; *Ross* v. *Lang-
nulty*, 13 Neb., 492.

It is not claimed that there is any error in the
charge of the Court on this point. It appears from
the proof, and, indeed, from the statement of de-
fendant himself, that, while he had no actual malice
against plaintiff, he began the prosecution in order
to compel the plaintiff to pay a debt he owed him.

Plaintiff, just previous to the time of the prosecution, had been engaged in a small restaurant business on Beale Street, city of Memphis, and had bought his goods largely from the defendant. The defendant's contention was, that plaintiff represented that certain fixtures and furniture for the restaurant belonged to him; that they had been paid for in cash, and, upon this assurance he extended him credit, when, in fact, the fixtures did not belong to him. Plaintiff contends that he practiced no fraud, but told defendant, afterwards, in order to borrow money, that certain goods and furniture, etc., in the restaurant belonged to him, but that he had bought them on a credit, and wanted to borrow money to pay for them; in short, that he told him the entire status of the matter fully and frankly; that defendant, thereupon, promised to loan him some money, but, after having a deed of trust prepared to secure it, he declined. Whereupon plaintiff made a deed of trust upon the goods and furniture to secure the debts owing for them. This deed of trust the defendant attacked for fraud, and a trial was had in which the whole matter was thoroughly gone over and ventilated, resulting in the Justice of the Peace sustaining the deed of trust as valid. Thereupon the defendant immediately demanded the State's warrant for obtaining money under false pretenses, saying, as he did so, that if plaintiff did not pay him what he owed him he would put him in the penitentiary.

The facts developed on that trial did not justify

44—10 p

defendant in suing out the State's warrant, and it is hardly probable that any attorney would have advised it, and there was no probable cause to believe the plaintiff guilty of the offense charged.    We think defendant cannot justify on the ground of counsel's advice, nor of probable cause to believe plaintiff· guilty when the whole facts were thus developed before him and his counsel.

As to the statute of limitations, the proof shows the arrest was made December 20, 1892, and that plaintiff was finally discharged from prosecution December 30, 1892, and this action was commenced December 29, 1893.    The statute had not run and it is not a defense.    The action was for malicious prosecution as well as false imprisonment, and the statute did not begin to run as to the prior offense until the prosecution was ended.    *Goodwin* v. *Guild,* S.  W.  Reporter.

It is said the evidence does not show that plaintiff was sent to jail on the warrant issued by defendant, but that he was also arrested on a warrant at the same time for embezzlement.    This question was fairly left to the jury, and all the facts connected with the arrest, under both charges, were fully stated.    The mere fact of being sent to jail did not constitute the entire offense of malicious prosecution.    It is sufficient to say that plaintiff was sent to jail, possibly, under both warrants, but, under the evidence, more probably under the one sworn out by defendant.

It is said the damages are excessive.    There was

Morgan *v.* Duffy.

a total want of probable cause to believe the plaintiff guilty. He was arrested and imprisoned, and the prosecution is shown to have been for the purpose of forcing plaintiff to pay a debt owing by him to defendant. The jury has passed upon it under all the facts, and the Circuit Judge has not seen proper to disturb it, and we cannot say it is excessive, but to the contrary.

Counsel for plaintiff made improper remarks in the course of his argument, stating that the Criminal Courts of the country were prostituted by using them as engines of oppression in the collection of debts; that the jury had no conception of the extent to which this practice was carried, and he hoped they would show, by their verdict, that the Court could not be prostituted in that way. He also said he had never heard of a case where the Supreme Court had reversed a verdict of a jury for excessive damages. He cited three cases from Texas, but did not read from any reports, in which he said that the Court did not set aside verdicts for $3,000 in one, $8,000 in one, and $10,000 in another case, and that, no matter what verdict was rendered, it would not be reversed by the Supreme Court because excessive. No objection was made at the time of the utterance of the objectionable words, nor were they afterwards asked to be excluded, or that the jury be warned to disregard them.

The judgment of the Court below is affirmed, with costs.