# M. ROSEN v. A. M. LEVY et ux.

## (*Jackson.* April Term, 1908.)

1. **FRAUDULENT CONVEYANCES.** Evidence insufficient to show.

   Evidence stated and held insufficient to show that a conveyance of land by a husband to his wife was fraudulently made with the intent to hinder the collection of a claim against the husband. (*Post, pp.* 644-647, 651.)

2. **SAME.** Voluntary conveyance is not fraudulent where there are no existing creditors.

   A voluntary conveyance free from fraud in fact, is void only where there are existing creditors of the grantor. (*Post, pp.* 647, 651.)

   Cases cited and approved: Vance v. Smith, 2 Heisk., 351; Sanders v. Logue, 88 Tenn., 355; Nelson v. Vanden, 99 Tenn., 224.

3. **MALICIOUS PROSECUTION.** Must be finally determined in favor of defendant before action accrues therefor.

   It is well settled that a right of action for malicious prosecution does not accrue until there has been a final determination, favorable to the defendant therein, of the suit claimed to have been malicious. (*Post, pp.* 647, 648, 650.)

   Cases cited and approved: Morgan v. Duffy, 94 Tenn., 686; Swepson v. Davis, 109 Tenn., 99.

4. **FRAUDULENT CONVEYANCES.** Plaintiff in an action of tort is an existing creditor as to whom fraudulent or voluntary conveyances are void, when.

   A plaintiff in a pending action of tort brought to recover damages for wrongs committed is an existing creditor of the defendant, and a conveyance of property fraudulent in fact or in law, or voluntarily made without the retention of sufficient property to pay debts is void and will be set aside at the instance of creditors. (*Post, pp.* 648-650.)

Cases cited and approved: Farnsworth v. Bell, 5 Sneed, 531; Patrick v. Ford, 5 Sneed, 532; Vance v. Smith, 2 Heisk., 343; Sanders v. Logue, 88 Tenn., 360.

5. **SAME. Voluntary conveyance pending a malicious prosecution by grantor is not fraudulent as against the accused, though he is acquitted, and recovers judgment for the malicious prosecution.**

Where a warrant charging the complainant with robbery had been issued, and he had been bound over to answer the grand jury, but no action had been taken by that body, before the defendant made a voluntary conveyance of his land to his wife, the complainant could not attack the validity of the conveyance on the ground it was fraudulent against him as a creditor, for the reason that he had no right of action against the defendant for malicious prosecution for instituting the robbery charge, since an action for malicious prosecution would accrue only upon a final determination of the robbery charge favorable to complainant. (*Post, pp.* 650, 651.)

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

BELL, TERRY, ANDERSON & BELL, FINDLAY & FINDLAY, and BROWN & ANDERSON, for complainant.

J. W. DURHAM, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant filed his bill against A. M. Levy and his wife, Esther Levy, to collect a judgment which he recovered in this court April 20, 1906, against A. M. Levy in an action for malicious prosecution, and for that purpose to set aside a conveyance of certain real estate situated in Memphis, Tennessee, purporting upon its face to have been made by A. M. Levy to Esther Levy July 20, 1905, and upon that date acknowledged, but not registered until June 11, 1906, upon the ground, as charged in the bill, that the same was made for the purpose of hindering and delaying the collection of the said judgment, and therefore fraudulent in fact, and without valuable consideration and voluntary, and therefore fraudulent in law, and to have the said real estate sold and the proceeds applied to the payment of said judgment.

Complainant charges in his bill that the conveyance made by A. M. Levy to Esther Levy was in fact made and acknowledged June 11, 1906, and was falsely and fraudulently dated back to July 20, 1905.

The defendants, answering, admit that complainant did recover a judgment against A. M. Levy, as charged in his bill, and that A. M. Levy conveyed the property described in the bill to Esther Levy on July 20, 1905, and had the conveyance registered in the office of the register of Shelby county on June 11, 1906. They deny that the deed was dated back, but say that it was ex-

ecuted and acknowledged as it purports on its face. They deny that the deed is fraudulent in fact, and state that it was made in pursuance of an antenuptial contract, wherein A. M. Levy agreed to convey to Mrs. Levy all property then owned or afterwards acquired by him, and that he only became seized of the property conveyed on July 17, 1905, by devise from his mother, who died upon that day. They deny that the same is fraudulent in law because voluntary, since, as they insist, A. M. Levy at the time of the conveyance was not indebted to any one in any sum whatever, and therefore had the right to convey his property to his wife without consideration.

Complainant had his own deposition taken, in which he testified that his judgment for $4,000 was recovered against A. M. Levy in an action for malicious prosecution; that after he had been arrested on the warrant sworn out by the defendant A. M. Levy he saw the latter at the courthouse in Memphis and told him he would sue him for $50,000 damages, and Levy replied that he did not care, as he was going to fix it so that he could not get anything, and that this was before the mother of Levy had died in July, 1905.

Complainant also took the depositions of A. M. Levy and Esther Levy, who testified that the conveyance in question was made and acknowledged upon the day it bears date, in pursuance of an antenuptial contract between the defendants, and not for the purpose of hindering and delaying the creditors of A. M. Levy, including

the plaintiff, and that in fact A. M. Levy at said time was not indebted to any one.

The defendants took the deposition of J. W. Durham, Esq., the attorney of the defendants, who prepared the deed, and as notary public took the acknowledgment of A. M. Levy thereto, and proved by him that the conveyance and acknowledgment bear their true dates, and that the parties thereto told him at the time that the conveyance was made in the execution of an antenuptial agreement made by them.

The only other evidence appearing in the record is a copy of the said conveyance, a copy of the warrant which A. M'. Levy swore out against complainant, M. Rosen, June 14, 1905, before a justice of the peace of Shelby county, charging him with robbery, and the judgment thereon, showing that Rosen was bound over to answer said charge before the criminal court of Shelby county, and the admission of the defendant A. M. Levy that the prosecution was finally dismissed August 25, 1905. This is substantially the record in the cause.

We are of opinion that the charge of fraud in fact is not sustained. The only evidence tending to support it is the statement of complainant that A. M. Levy, before he became the owner of the property in question, told him that he would fix things so no judgment could be collected, and this was made in the absence of Esther Levy.

Complainant, as above stated, examined both of the defendants and read their depositions in his behalf.

They testified that the conveyance was made the day it bears date, in compliance with their antenuptial contract, and without any intention to hinder or delay the collection of the claim of the complainant against A. M. Levy for malicious prosecution. The defendants are corroborated by their witness, J. W. Durham, Esq. These three witnesses fully disprove the charges of fraud in fact made in the bill. The charge of fraud in law is also unsupported by the record.

The conveyance, it is true, was voluntary. It recites that it was made in consideration of $1 and love and affection. The proof shows that it was made in pursuance of an antenuptial parol contract, void as to creditors. But voluntary conveyance, free from fraud in fact, is void only where there are existing creditors. *Nelson* v. *Vanden,* 99 Tenn., 224, 42 S. W., 5; *Vance* v. *Smith,* 2 Heisk., 351; *Sanders* v. *Logue,* 88 Tenn., 355, 12 S. W., 722.

Then had the defendant A. M. Levy at that time, July 20, 1905, any creditors? He testifies positively and absolutely that he had none. Complainant's insistence is that he was a creditor, because the warrant, for the unlawful suing out of which he recovered his judgment in an action of malicious prosecution, was issued June 14, 1905, while the conveyance was not made until July 20, 1905. These dates are correct, but the prosecution against complainant did not terminate until August 25, 1905, and his action for damages for malicious prosecution was not brought until some time thereafter; the exact date not appearing in the record.

It is well settled that a right of action for malicious prosecution does not accrue until there has been a final determination, favorable to the defendant therein, of the suit claimed to have been malicious. *Morgan* v. *Duffy*, 94 Tenn., 686, 30 S. W., 735; *Swepson* v. *Davis*, 109 Tenn., 99, 70 S. W., 65, 59 L. R. A., 501.

Therefore, when the conveyance attacked in this case was executed and delivered, the complainant had no right of action or claim for damages recognized by law against the defendant A. M. Levy. The first step only had been taken in a proceeding which might or might not ultimately ripen into a just claim for damages for malicious prosecution, which if properly asserted, would make the complainant a creditor of the defendant.

There is no doubt but that the plaintiff in an action brought to recover damages for a tort committed against him is a creditor of the defendant, for whom the latter must provide before he can make a voluntary conveyance of his property, under our statutes applicable to voluntary conveyances in fraud of creditors and the common law. The plaintiff in such a case is asserting a specific claim, which can be definitely ascertained and adjudged in the pending action. In the cases of *Farnsworth* v. *Bell*, 5 Sneed, 531, and *Patrick* v. *Ford*, 5 Sneed, 532, plaintiffs in actions brought to recover damages for torts committed were held to be creditors, and conveyances of property fraudulent in fact, made pending the actions, were held void and set aside. In *Vance* v. *Smith*, 2 Heisk., 343, it was held that a plaintiff

in an action of tort then pending was an existing creditor within the provisions of a deed in trust made by the defendant to secure "all of his creditors;" and in *Sanders* v. *Logue,* 88 Tenn., 360, 12 S. W., 723, it is said that "a voluntary conveyance pending an action of tort, whether actually intended to defeat it or not, would be void if, upon estimating amount of property retained, there was a deficiency to pay the amount claimed." This, however, is perhaps *dictum,* as the question did not directly arise in the case. But it has never been held by this court, or any other so far as we are informed, that a party who has no complete claim for damages upon which he can maintain suit is an existing creditor against whom a voluntary conveyance is void. The contrary is held in *Sanders* v. *Logue,* supra. It is there said:

"In the case we are now considering, whether we treat the complainant as repudiating his contract because he was fraudulently induced to make it, suing for the money as for money had and received to his use, or whether we treat the action as one in damages incurred in consequence of the fraud and deceit practiced against him, measured by the money put to interest, the result is the same. In the first aspect he would have had no action until he disregarded the trade and demanded the money; and in the second his action would have been *ex delicto,* and not upon a specific, fixed, or asserted liability, within the meaning of the rule stated in respect to voluntary conveyance. Such a claim,

it is obvious, might or might not ever be asserted, and it is too uncertain and remote to be taken into consideration in estimating the debts or liabilities of a debtor for which he must provide by the retention of property. This is obvious, and we look at the state of affairs then existing, not as now developed."

In this case, the warrant charging complainant with robbery had been issued, and he had been bound over to answer to the grand jury; but no action had been taken by the party when the conveyance assailed was made. The issue was undetermined. It was possible that complainant, the defendant in said warrant, might be indicted, might be convicted, or that the prosecution might be dismissed by the grand jury ignoring the indictment or by an acquittal on a trial. It was also uncertain, and yet to be determined, whether a civil action could be maintained for malicious prosecution, because there might be probable grounds for the prosecution. Certainly no right of action had accrued, because there had been no final determination of the prosecution for robbery.

We are of the opinion that, in the language of *Sanders* v. *Logue,* supra, complainant's claim at the date of the conveyance was too uncertain and remote to be taken into consideration in estimating the debts or liabilities of the defendant Levy for which he must provide by the retention of property, and that he was not then an existing creditor of the defendant.

Rosen v. Levy.

We therefore hold the complainant has failed to make out a case for decreeing the conveyance in question fraudulent, either in fact or law, and that the decree of the chancellor must be reversed, and the bill dismissed, with costs; and it will be so decreed.