MRS. J. H. GRACE v. JOHN CURLEY.

J. H. GRACE v. JOHN CURLEY.

Middle Section. January 24, 1926.

No petition for Certiorari was filed.

1. **Judgment. Judgment by default is an admission of the truth of the cause of action.**
   A judgment by default is an admission of the truth of the cause of action and of the several averments of facts in the declaration, and of the fair inferences and conclusions of fact to be drawn from the averments. It establishes the plaintiff's right to maintain the action and to recover some damages.

2. **Evidence. After default judgment the burden of proof is on the plaintiff to show damages.**
   After default, the burden of proof to show damages, other than nominal damages, is on the plaintiff; and proof, both in aggravation and mitigation of damages, is open to consideration by the jury in assessing the damages, the same as in other cases.

3. **Appeal and error. Instructions. In the absence of request for further instructions, case will not be reversed because of meager instructions.**
   Where the charge is meager but correct as far as it goes, and is defective only because it does not cover the issue in all its phases held in the absence of a request for further instructions in the court below, it is not reversible error.

(1)

4. Appeal and error. Appellate court will not consider errors not drawn to the attention of the trial court.

In order that an error may be urged on appeal, it must be drawn to the attention of the trial court in the motion for a new trial.

5. Trial. Trial court may limit the number of counsel and the time to be heard in a civil case.

In a civil case, the trial court has a right to fix reasonable rules in the conduct of trials for the dispatch of business, and may in his sound discretion limit the number of counsel and the time to be heard; but where he abuses his discretion a party should object and except to the rule of the trial court and save his exception in a motion for a new trial.

6. Trial. Plaintiffs in an action for damages are confined to the averments of the declaration.

The negligence and the nature of the injuries relied upon must be averred in the declaration with reasonable certainty so as to give the defendant notice, and proof of other injuries, without proper averments, is not admissible.

7. Pleading. Any pleading is good when it conveys a reasonable certainty of meaning.

At common law, a reasonable presumption was indulged in favor of the rights of the defendant and against the pleader on the theory that the pleader had selected the language. However, this rule of construction has been necessarily modified, in Tennessee, in order to give effect to all material averments, where reasonably possible, so as to comply with the forms authorized by statute; and now, any pleading is good, when it conveys a reasonable certainty of meaning, and when by a fair and natural construction it shows a substantial cause of action or defense.

8. Pleading. Where the injury is sufficiently averred, a recovery may be had for the natural and probable consequences thereof.

Where the injury is sufficiently averred a recovery may be had for the natural and probable consequences thereof, although such consequences are not set out in detail, while all effects, not the natural and necessary result of the injury complained of, constitute special damages and must be specially averred.

9. Trial. Remarks of trial judge held not objectionable.

Where error was urged because of certain remarks of the trial judge, held, taking the judge's conduct, statements and rulings on the testimony all together plaintiffs were not actually prejudiced by the statements.

10. Appeal and error. Error cannot be urged unless exceptions were made in the trial court.

Where error was urged because of counsel's remarks to the jury, but no exceptions were made or saved at the time, held that the error cannot be considered by the appellate court.

11. Damages. The assessment of damages is strictly a jury question.

The assessment of damages is strictly a jury question and unless the verdict is such as to show passion, prejudice, or caprice on the part of the jury, their finding will not be disturbed by the appellate court.

Appeal in Error from Circuit Court of Davidson County; Hon. A. G. Rutherford, Judge.

Affirmed.

Oliver M. Grace, George W. Hight and J. B. Daniel, of Nashville, for plaintiffs in error, Grace, et al.

William Hume, of Nashville, for defendant in error, Curley.

CROWNOVER, J. These two actions grew out of the same accident, and were tried together by one jury in the lower court, and the facts of each are the same.

The first action was brought by Mrs. Grace for damages for personal injuries sustained by her as a result of a collision with defendant's automobile at the intersection of two streets in the city of Nashville, and the second action was brought by her husband for damages for loss of services and consortium.

Her declaration contains five counts which aver in substance:

First count: That defendant, while running in excess of twenty miles an hour, wilfully, maliciously and wantonly struck plaintiff with great force and violence (and then described the manner of the collision).

Second count: That the defendant with force and arms assaulted plaintiff with an automobile and struck her many violent blows on divers parts of her body, and damaged her clothing.

Third count: That the injuries were inflicted through gross negligence.

Fourth count: That the injuries were caused by the violation of a city ordinance as to the rate of speed.

Fifth count: Charges a violation of a city ordinance and state statute (Shannon's Code, Sect. 1601), which provides that "a vehicle overtaking another shall pass on the left side;"

Wherefore, as a result of the collision, "the plaintiff's skull was fractured, fingers, wrist, ankles and ligaments thereof broken, sprain, dislocated, and that she was otherwise bruised, maimed, disfigured, seriously and permanently, and externally hurt and wounded in body, breasts, head, limbs and arms," . . . . and "suffered great pain in body, head, vision and mind."

J. H. Grace's declaration made substantially the same charges of negligence with respect to the manner and cause of the collision and the resultant injuries, except that it averred that she was injured "externally and internally in body, head, limbs and arms," wherefore, he sued for damages for loss of services and consortium.

No defense was made, and judgments by default were entered in both cases. Afterwards, applications to set aside said judgments by default were overruled. A jury was impaneled to assess the damages, and proof was submitted by both parties, plaintiffs and defendant. Separate verdicts were returned—for Mrs. Grace $750, and for J. H. Grace $250. Motion for new trials, by the plaintiffs below, were overruled, and they have appealed in error, and have assigned errors.

As judgments by default were entered, the complaints are now directed to a review of the assessment of damages. A judgment by default is an admission of the truth of the cause of action and of the several averments of facts in the declaration, and of the fair

inferences and conclusions of fact to be drawn from the averments. It establishes the plaintiffs' right to maintain the actions and to recover some damages. It has the same effect, in law cases, as a judgment pro confesso in equity, which admits the allegations of facts in the bill. A final judgment may be immediately entered when the amount is ascertainable by simple calculation from the papers, but in other cases, where the amount is not liquidated, the judgment is interlocutory, and the damages must be ascertained by a jury upon proof. Upon this question both sides have an equal right to be heard, but the proof must conform to the averments of the declaration, as in other cases. See, Shannon's New Code, Sec. 4678, Note 9, and Sec. 4679; Caruthers' History of Law Suits (5 Ed.), 147-8; 180-1; Turner v. Carter 1 Head, 520, 34 C. J: 173-177.

"The legal effect of the judgment by default was simply to establish the right of the defendant in error to maintain his action, and consequently to recover some damages. But the plaintiff in error was no further compromitted by the judgment by default than to preclude him from denying the right of the defendant in error to nominal damages. Subject to this qualification, he had the right to show that the defendant in error had no legal claim to damages, and if successful in this, the defendant would have been entitled to nothing but nominal damages." See, Railroad v. Dowd, 9 Heisk., 185; Shannon's Code 4678, Note 9.

Hence, after default, the burden of proof to show damages, other than nominal damages, is on the plaintiff; and proof, both in aggravation and mitigation of damages, is open to consideration by the jury in assessing the damages, the same as in other cases. See 17 C. J. 1049, Sec. 353-4.

The first two assignments of error as to the inadequacy of the verdicts will be deferred until after we discuss the other errors assigned.

The third assignment of error was that the court failed to instruct the jury as to the proper measure of damages, in that he did not tell the jury to allow her an amount of damages that would reasonably compensate her for the injuries sustained.

In other words, the insistence is that the court told the jury to consider her various injuries, her mental and physical suffering, and whether they decreased her earning capacity, but nowhere told the jury what to do about the matter, or that they should compensate her therefor.

No request for further instruction on the measure of damages was made, and this question was not raised in the motion for a new trial, although plaintiff, in the 13th ground of her motion for a new trial, stated that "the charge was meager and not sufficiently broad to embody or cover the declaration properly," etc.

There are cases holding that where no charge whatever was given on a vital issue, it is reversible error, (Street Railway Company v. Burke, 98 Tenn., 654). But this has no application where the charge is meager but correct as far as it goes, and is defective only because it does not cover the issue in all its phases, in the absence of a request for further instructions in the court below. (Sutherland v. Shelton, 59 Tenn., 374, 376; Guaranty, etc., Society v. Ford, 104 Tenn., 535; Railroad v. Jones, 9 Heisk., 27, and the cases cited in 4 Shan. Ann. of Tenn. Rep., 3097, in reviewing the case of Railroad v. Jones.) Such errors raised for the first time on appeal will not be sustained where they were not drawn to the attention of the trial court in the motion for a new trial. See, Pepper v. Telephone Co., 1 Tenn., App. Rep., 175.

We think the fair inference of the charge is, and that the jury so understood, that they in assessing her damages were to consider her injuries, her mental and physical suffering, whether permanent or not, and whether they decreased her earning capacity. This was correct as far as it went, and had the court's attention been called to the fact, the defect would have been corrected. Hence, this assignment must be overruled.

The fourth assignment is that the court erred in summarily ordering plaintiff's counsel, J. Harvey Grace, not to further participate in the trial. J. Harvey Grace was a plaintiff in one of these cases, and was one of the attorneys for his wife in the other case. The record shows that they had two other attorneys, Oliver M. Grace and George W. Hight, who were actively participating in the trial in the court below. It appears that Mr. Daniel did not participate in the trial below, but the other attorneys had entered objections to testimony and each had been promiscuously participating in the trial. Sometime after the trial began, J. Harvey Grace, entered an objection to the exclusion of some evidence and stated that he had drafted the declarations. Then the court said:

"Now, Mr. Grace, you are violating the rules of this court. You have mighty good lawyers. The constitution says that a litigant has a right to be heard by himself, or by his counsel, or by lawyers altogether, or by himself altogether."

So far as the record shows Mr. J. Harvey Grace did not further participate in the trial other than to testify, but no objection was made to the ruling of the court, and the other attorneys conducted the trial.

"Any person may conduct and manage his own case in any court of this State." See, Shannon's Code, sec. 5791.

"The appearance of more than one attorney on each side of the case is a matter within the discretion of the court. Every man has a right to be heard by one attorney, but not by more than one, unless by permission, and a refusal is no cause of error, for

which a judgment can be reversed." See, Chambers v. State, 3 Humph., 241.

But, by our State Constitution, it is provided: "That in all criminal prosecutions, the accused has a right to be heard by himself and his counsel," and our Supreme Court has held in the case of Wilson v. State, 3 Heisk., 232, that the section means both in criminal cases. That case contains an interesting review of the common law on the subject.

These are civil actions, and the trial court has a right to fix reasonable rules in the conduct of trials for the dispatch of business, and may in his sound discretion limit the number of counsel and the time to be heard; but where he abuses his discretion a party should object and except to the rule of the trial court and save his exception in a motion for a new trial, none of which was done in these cases. However, after an examination of the record, we cannot see that the court has abused its discretion in this particular; hence, this assignment of error must be overruled.

The fifth assignment is that the court erred in refusing to allow plaintiffs to show all the injuries alleged in the declaration, in the following respects:

(a) The constant discharge of blood clot and its flow from her mouth up until the time of the trial.

Plaintiff, Mrs. Grace, had testified to the facts that she had been passing blood from her bowels and that blood clots had flowed from her mouth. The court excluded that part of the testimony as to "passing blood," but he did not exclude that part about it flowing from her mouth. There was no exception to his ruling, hence, this assignment is not well made.

(b) That the court declined to permit plaintiff to prove that her cheek was hurt and that her chin was bruised. Upon the statement made by the doctor of these facts the court remarked "you are getting off now," whereupon counsel for plaintiffs begged the court's pardon and stated that he did not intend that. This was in effect a withdrawal of that testimony, and no exception was made to the court's ruling at the time. Hence, this assignment is overruled.

(c) That the court refused to allow further proof of injuries to her side. The plaintiff, J. Harvey Grace, testified that she continually complained of her left side and that she could not lie on it. The court stated "you are getting outside the realm," to which ruling there was no exception. However, this witness later repeated that she could not do anything because of the pains in her side. This went in without objection; hence, we think there is nothing in this assignment.

(d) That the court refused to allow the doctor to exhibit and interpret an X-ray picture of her injured chest. The doctor stated

that he had a picture of her chest but the court ruled that it should not be introduced. It seems that the declaration filed by Mrs. Grace had been lost when the trial began, and the parties agreed that its averments, as to the injuries, were the same as the one filed by J. H. Grace, which did not state that there were injuries to her chest, but later on, after this doctor had testified, they found Mrs. Grace's declaration, which did have some statement about injuries to the breasts, and the doctor was later recalled and testified about this picture; hence, there is nothing in this assignment.

(e) That the court refused to allow the plaintiff to show that she was struck by the automobile while on the pavement. There is nothing in the record to show that she was on the pavement. She described the accident in her declaration, and one witness was asked where she was just before the accident, but upon objection he was not permitted to state. There is nothing in the record to show what his answer would have been. Hence, this assignment is not well taken.

(f) That the trial court declined to allow plaintiffs and their witnesses to show the details of the accident. No citation to the record on this assignment has been made, and, upon a careful reading of the record we have been unable to find anything other than as hereinabove set out. Hence, this assignment is not well taken.

The court was attempting to confine the plaintiffs to the averments of injuries in the declaration when he made the rulings and passed upon the foregoing propositions. The negligence and the nature of the injuries relied upon must be averred in the declaration with reasonable certainty so as to give the defendant notice, and proof of other injuries, without proper averments, is not admissible. (Coal Co. v. Daniel, 100 Tenn. 65). Formerly, at common law, pleadings were construed more strongly against the pleader, and no presumptions in his favor were indulged. All reasonable presumptions were indulged in favor of the rights of the defendant, as well as against the pleader. It was on the theory that as the pleader had selected the language he should make his meaning clear. He was not allowed to leave his pleadings open to different constructions, and then take his choice between them. (21 R. C. L. 464-466). However, this rule of construction has been necessarily modified, in Tennessee, in order to give effect to all material averments, where reasonably possible, so as to comply with the forms authorized by statute; and now, any pleading is good, when it conveys a reasonable certainty of meaning, and when by a fair and natural construction it shows a substantial cause of action or defense. An averment of the material facts in an intelligible form is all that is required. Where an averment is capable of different meanings, that shall be taken which supports the declaration, and not that which will defeat it. No more is required than to convey a reasonable certainty of meanings, which, by a fair and natural

construction, shows a substantial cause of action. (See, Caruthers' History of a Lawsuit, 5 Ed. 97; 105); therefore, a general averment of injury is sufficient to authorize a recovery for all consequences naturally and necessarily resulting therefrom. See, 13 Stand. Ency. Proc. 356-9; 17 C. J. 1026, sec. 323; 8 R. C. L. 620, sec. 162; Railroad v. Hunter, 4 Hig., 465; Bruce v. Beall, 15 Pick., 303.

Although the pleadings are thus liberally construed as to matters of form, it is of course, obvious that this rule does not dispense with the necessity of properly pleading the facts, which constitute the cause of action; and so, under this rule, essential averments lacking in the pleading cannot be construed into it, nor a necessary averment supplied on inferences drawn from other facts averred unless such averment must logically and necessarily be inferred therefrom. In an action for personal injuries, where plaintiff describes in his declaration the different parts of the body injured, it is presumed that this specification covers the whole cause of action, and proof of an injury to a wholly different part of the body, cannot be shown. (17 C. J. 1022; 999-1000). Hence, we hold that it was the duty of the court to confine the plaintiffs to the injuries averred in the declaration, but where the injury is sufficiently averred a recovery may be had for the natural and probable consequences thereof, although such consequences are not set out in detail, while all effects, not the natural and necessary result of the injury complained of, constitutes special damages and must be specially averred. (See, 17 C. J. 1007-9, sec. 311). It results that the fifth assignment of error must be overruled.

The sixth assignment is that the conduct and the remarks of the trial Judge during the trial of the cases were prejudicial to plaintiffs and confusing to the jury:

    (a) In ordering plaintiff's counsel, J. H. Grace, not to participate in the trial.

    (b) In saying: "I am bothered about this lawsuit, I am not satisfied with it at all, the way it is."

    (c) In saying: "You will have to trim close to the bark." Whereupon counsel stated: "All we have shown is the extent of the injury." To which the court replied: "That is unfair to them (defendant). I think it is more to your interest to file a new declaration and let them answer it. I don't think we can get along with this lawsuit."

It is insisted that this was prejudicial to the plaintiffs and that it impressed the jury with the fact that plaintiffs had little grounds for recovery. These statements were made by the court in reply to counsel's insistence upon the admission of certain evidence that the court thought went beyond the pleadings. No objections were made to these statements of the court at the time, and they are not included in the motion for a new trial; hence, we think that the assignment is

not well made. However, after an examination of the record, we do not think that the plaintiffs were prejudiced by the statements. They were made in response to arguments about the introduction of certain evidence, and the court later on admitted such evidence, as he thought, was within the scope of the pleadings, even over the objection of the defendant's counsel and made other statements in response to the defendant's objection that plaintiffs were entitled to prove certain facts objected to, and he charged the jury that they should take into consideration her injuries, mental and physical pain, whether permanent or otherwise, and whether these injuries decreased her earning capacity. So, taking his conduct, statements and rulings on the testimony altogether we do not think that the plaintiffs were actually prejudiced by the statements set out in this assignment of error; hence, this assignment must be overruled.

The seventh assignment is that the defendant's counsel's remarks to the jury were prejudicial to the plaintiffs. In explaining that judgments by default had been taken against defendant, he stated: "But this defendant is before you as one with his hands tied before his back, that is being assaulted without an opportunity to defend himself." No exception was made at the time to this remark and it is not raised in the motion for a new trial. Objections to improper argument must be made at the time and preserved in the motion for a new trial. See, Morgan v. Duffy, 94 Tenn., 686. An objection to the ruling of the court on admission or exclusion of evidence must be made in the trial court and the exception preserved. See, Insurance Co. v. Scales, 101 Tenn., 627. All matters of fact for a review must be set out in a motion for a new trial. In other words, it must be drawn to the attention of the trial court. See, Railroad v. Ray, 124 Tenn., 27; Board of Equalization v. Railroad, 148 Tenn., 676. Hence, this assignment of error must be overruled.

The first and second assignments of error are that the respective verdicts for Mrs. Grace and J. H. Grace are grossly inadequate, and indicate passion, prejudice or caprice on the part of the jury.

After a careful review of the record we are satisfied with the verdicts. The assessment of damages is strictly a jury question. According to the plaintiffs' contention, Mrs. Grace was in good health previous to the accident, did her own work and was able to attend to her household duties, that by the accident she sustained serious injuries in the head, limbs, and body, from which she suffered much physical and mental pain, that her skull was fractured, one finger broken or dislocated, two or three of her ribs fractured or broken, and as a result of which she is now a physical wreck, and her mind and vision are impaired, and she is not able to walk or to attend to her household duties. If these things are true, the plaintiffs are entitled to more damages. But the defendant's insistence is, and there

is some proof to support it, that her skull was not fractured, and her ribs were not broken or fractured, and that her impaired mind and vision and her general physical condition are the result of pyorrhea and diseased tonsils which are diseases and causes independent of the injuries she received.

Now, these questions are peculiarly within the province of the jury. Where there is material evidence of the injuries and the elements that enter into the question for which one is entitled to recover damages, it at last, is a matter dependent largely upon the judgment of the jury, and their sound discretion, after carefully, honestly and fairly considering the various elements that enter into the question. In trials at law, the jury are the proper judges of damages; and where there is no certain measure of damages, the court will not ordinarily disturb their verdict; and this court has no more right to weigh the evidence and to disturb the verdicts of juries on the question of the amount of damages, in such cases, than it has on any other question of fact, unless the verdict is so excessive or so inadequate as to evince passion, prejudice or caprice on the part of the jury. See, Ferry Companies v. White, 99 Tenn., 272; Davidson Benedict Company v. Severson, 109 Tenn., 572; 5 Michie's Tenn. Ency. Dig. 196; opinions of this court in Dupont Engineering Co. v. Rogers, Davidson County Law, by Faw, P. J., 1920. Petition for certiorari having been denied by the Supreme Court on February 19, 1921. Also opinion of this court in the case of Crescent Amusement Co. v. Nola Walker Byrne, Davidson County Law, filed November 20, 1926.

But it is insisted by the plaintiffs that if the court had not excluded certain evidence, and had he not pursued the course of conduct and made the prejudicial remarks in the hearing of the jury, hereinabove referred to, and had not the defendant's counsel made the statement that the defendant was in court as a man being assaulted with his hands tied, the jury would have given the plaintiffs adequate verdicts. We do not think that this contention is sound for the reasons, as hereinabove stated, the plaintiffs did not make objections at the time and did not preserve their exceptions; hence, the cases are before us as having been properly tried in the lower court. If a party stands by and lets incompetent testimony go to the jury without exception, or if he lets counsel make improper remarks to the jury without objection, he is bound by them. If the court make some inadvertent remarks which are not excepted to, and the exceptions are not preserved in the motion for a new trial he cannot complain. So, taking all the testimony before the jury, we cannot say that the verdicts of the jury are so inadequate as to evince passion, prejudice or caprice on the party of the jury. We are aware of the rule laid down in the cases of Elrod v. Franklin, 140 Tenn., 228, and Railroad v. Northington, 91 Tenn., 56, that one of weak physical structure of little vitality

or in ill health, has as much right to protection from violence as a robust athlete, and one injuring her is responsible for all ill effects naturally and necessarily flowing from the injuries, but this rule should not go to the extent of holding a defendant liable for independent diseases otherwise contracted, which have no connection with the injuries.

It results that all the assignments of error must be overruled, and the judgments of the lower court affirmed. The cost of the appeal is adjudged against the respective plaintiffs in error, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.