Homer and Amanda MILLER,
Appellees,

v.

ALMAN CONSTRUCTION COMPANY,
Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Dec. 9, 1983.

Certiorari Denied by Supreme Court
March 12, 1984.

John T. Rice, Luther, Anderson, Cleary & Ruth, Chattanooga, for appellant.

Harry Berke, Berke, Berke & Berke, Chattanooga, for appellees.

## OPINION

PARROTT, Presiding Judge.

In this circuit court action Homer and Amanda Miller sue Alman Construction Company alleging that their home was damaged by blasting during the construction of a sewer line. The trial below was before a jury which returned a verdict of $67,275.00 for the plaintiffs. Accordingly, judgment was entered and a motion for new trial was overruled.

Defendant below has appealed insisting the circuit judge erred in permitting two of plaintiffs' witnesses to testify as experts. The defendant also raised these issues: that it was error not to charge the jury on the Blasting Standards Act of 1975, T.C.A. § 53–6101, et seq.; that comments of plaintiffs' attorney during argument to the jury were harmful and reversible error; that the verdict is excessive; and that the circuit judge erred in not sustaining the motion for new trial based on newly discovered evidence.

Homer Miller built a new house at 7500 Standifer Gap Road in 1968. During December 1980, Alman Construction Company built a new sewer line along Standifer Gap Road which required the blasting of rock. There were some 30 feet that had to be blasted away and some of the blasts were as close as 168 feet to the plaintiffs' house. According to the testimony of plaintiffs and their witnesses, these blasts severely and seriously damaged the plaintiffs' house which had been constructed on a solid rock ledge. According to some of the witnesses, the damages reached $125,000.00. Also there was proof that the floors had buckled, doors pulled away as much as one and one-fourth inches, windows were shattered and became misaligned, the patio was cracked, the concrete driveway was cracked, a bridge was severely damaged, water seeped in the house through a crack, a bathroom drain was broken, a wall which had several 12 by 12 inch antique mirrors was so severely damaged that practically all the mirrors were either broken or cracked, and the rear wall of the house was so severely cracked that it will have to be replaced. It is obvious from the numerous photographs in this record that this house has suffered serious damage. It is the insistence of appellant that the damage to the house resulted from settling. Plaintiffs just as strongly insist that the damages resulted from the shock waves caused by the blasting. It was testified that the house, patio, driveway, and other properties did not suffer any damage until after the blasting.

One of the plaintiffs' witnesses who was present in the house at the time of one of the blasts said that it shook and reverberated and at that time some 40 of the mirrors either fell from the wall or were cracked.

Plaintiffs called as expert witnesses Thomas Joe Ward and Ernest Parks. The circuit judge refused to permit Ward to answer questions with reference to the blasting or explosives but did allow him to testify as to what he observed when he inspected the house on January 10, 1983. It was Mr. Ward's contention that from the type and nature of the cracks, one could tell they were not from settlement. Ward was not a licensed contractor, and he had never testified as an expert witness. Ward was not allowed to state affirmatively that the blasting caused the damages. Mr. Ward had two years of college engineering and 10 years experience with concrete and had done some work with dynamite and explosives.

Mr. Ernest Parks was 76 years of age and had been in the construction business since he was 14 years old. His father and brother, who he worked for, had constructed some of the largest buildings in the

Chattanooga area including many schools. He had worked on the installation of gas lines where he had used dynamite frequently. He was a retired building inspector for the City of Chattanooga. He testified that he could differentiate between blasting damages and damages from settlement.

After the circuit judge held that Parks was qualified to testify as an expert witness, he was permitted to give his opinion that the cracks and other damages were the result of blasting and not settlement.

First, let us say that we do not understand why appellant raises the issue as to expert testimony because there is direct evidence by other witnesses in this record that this house was damaged by blasting. This judgment could stand without the testimony of plaintiffs' experts. However, we feel, as did the trial judge, that these witnesses were properly qualified to give the testimony that they did. It should be remembered that our courts have consistently held that any matter which is not a subject of common knowledge is a subject of expert testimony and the qualification of a witness to testify as an expert is largely within the discretion of the trial judge. *City of Clarksville v. Deason,* 9 Tenn.App. 274 (1928).

■ Furthermore, the appellate courts will not reverse unless there is a clear showing of abuse on the part of the trial judge in permitting the expert to testify. Also, it must be shown that the testimony was not only incompetent but injurious as well. *Monday v. Millsaps,* 37 Tenn.App. 371, 264 S.W.2d 6 (1953).

■ It has always been the rule, in the absence of unimpeachable scientific conclusions, that a fact-finding body is not compelled to blindly accept an expert's opinion but must weigh such opinions along with the other evidence. When there is a conflict between the expert's testimony and other evidence as to facts, the jury must determine the relative weight of the evidence. *East Tennessee Natural Gas Co. v. Peltz,* 38 Tenn.App. 100, 270 S.W.2d 591 (1954); 32 C.J.S., Evidence, § 572; 31 Am.

Jur.2d, Expert and Opinion Evidence, § 183.

■ Under the above rules it was within the jury's province to reject the testimony of defendant's experts and accept plaintiffs' version as to what caused the damage. Obviously, from the jury's verdict their conclusion was predicated on the proof offered by plaintiffs which must be taken by us as credible evidence to support their verdict.

■ As for appellant's insistence that the jury should have been instructed on the Blasting Standards Act of 1975 which is coded at T.C.A. § 53–6101, et seq., we cannot agree with this insistence. This being a blasting case, if injury was inflicted upon the property, it is immaterial whether it was done negligently or with utmost care and caution since the defendant is liable for such injury no matter how small the damage. *City of Knoxville v. Peebles,* 19 Tenn.App. 340, 87 S.W.2d 1022 (1935); *Aycock v. N.C. & St. Louis Ry. Co.,* 4 Tenn. App. 655 (1927); *Walton-McDowell Co. v. Jackson,* 5 Tenn.C.C.A. (Higgins) 324 (1914).

The appellant is trying to do away with the above noted rule. It is attempting to substitute fault theory or negligence theory for strict liability. This is not the law of this state and it will be up to the Supreme Court to change the law, not this court.

■ Appellant insists that the remarks by appellees' counsel during the closing argument constitute reversible error. Appellant asserts that the statement of counsel asked the jury to apply the "golden rule." The "golden rule" comes about when counsel asks the jury to put itself in the place of the plaintiffs, and such is error. We note that the appellant made no objection to the argument at the time it was made nor did appellant ask the trial judge to instruct the jury to disregard the remarks. The argument appellant objects to is the following:

Now, what interest has Alman Construction Company shown? It's been over two years now. Have they done

anything? Have they offered to do anything? What these people did, they spent what little money they had—and they didn't make much—to try to make the inside presentable. They cleaned up some things and filled up a few cracks that they could. They went ahead and replaced the windowpanes that were cracked and broken.

We do not see that this statement of counsel in any way involves the "golden rule." Furthermore, since appellant's counsel made no objection at the time of argument, and since he did not request the trial judge to ask the jury to disregard the argument, we find no error. *See Morgan v. Duffey,* 94 Tenn. 686, 30 S.W. 735 (1875); *Ferguson v. Moore,* 98 Tenn. 342, 39 S.W. 341 (1897).

As for appellant's insistence that the verdict was excessive, we find this argument to be without merit. There is credible proof in this record which supports an award of over $125,000.00 in damages. As we have said, it is obvious from the pictures that the house has suffered severe damage. If this damage, as the jury has found, resulted from blasting, appellant should be liable for a sufficient amount to restore the house to its condition as before the blasting.

Finally we consider appellant's insistence that a new trial should have been granted because of newly discovered evidence. During the testimony of Geneva Mullinax, who was the contractor on the house, it was learned that a creek in front of the house has been rerouted and that a portion of the house is constructed in the former creekbed while the right rear corner of the house sits on solid rock. It is insisted that testimony indicates that the damages and injuries to the house were caused by settlement of the creekbed. It is a well settled law that the granting of a new trial on the issue of newly discovered evidence is a matter largely within the sound discretion of the trial court. *Brown v. University Nursing Home, Inc.,* 496 S.W.2d 503 (Tenn.App.1972); *Zirkle v. Stegall,* 163 Tenn. 323, 43 S.W.2d 192 (1931).

We find ourselves unable to say the trial judge abused his discretion in not granting the motion for new trial. It is not satisfactorily shown that this so-called newly discovered evidence could not have been learned prior to this trial. Further, new trials will not be granted on cumulative evidence or evidence contradicting witnesses already introduced. *Johnson v. Woman's Hospital,* 527 S.W.2d 133 (Tenn.App. 1975).

Thus, it results that we affirm the judgment as entered with costs taxed to the appellant.

SANDERS and GODDARD, JJ., concur.