295

Elisha LEE and wife, Barbara Louise Lee, Plaintiffs-Appellees,

v.

Luke R. LEE, Defendant-Appellant.

Court of Appeals of Tennessee,
Eastern Section.

May 23, 1986.

Permission to Appeal Denied by
Supreme Court Sept. 8, 1986.

Janet L. Vest, Knoxville, for defendant-appellant.

K. Karl Spalvins and Leah J. Prewitt, Knoxville, for plaintiffs-appellees.

## OPINION

SANDERS, Judge.

The Defendant has appealed from a jury verdict awarding both compensatory and punitive damages to the Plaintiff in a suit for assault and battery.

The Plaintiff-Appellee, Elisha Lee, and the Defendant-Appellant, Luke R. Lee, are brothers. However, ill feelings had developed some time prior to the altercation here at issue. The events leading up to the altercation are not material to the issues before us but as a result of it Elisha was severely beaten by Luke with a 1–by–3–inch board.

Elisha filed suit against Luke for assault and battery, seeking both compensatory and punitive damages. Plaintiff-Appellee, Barbara Lee, wife of Elisha, joined in the suit asking for damages for loss of consortium. The jury returned a verdict in favor of Elisha, awarding $10,000 in compensatory damages and $17,500 in punitive damages. It also awarded Barbara $2,500 for loss of consortium.

Luke's motion for a new trial was overruled, and he has appealed, presenting five issues for review.

■ The first issue relates to introduction of the 1–✕–3–inch board that was used by Luke in his assault on Elisha. The board in question had been filed as an exhibit in a criminal case against Luke growing out of the same affray as the civil suit. The board had written on it in large red letters, "State of Tenn. vs. Luke (Denny) Lee." At the time the board was offered into evidence the only objection made to its introduction was "there has not been a proper foundation laid of when this was picked up...." Upon motion for a new trial Defendant insisted it was error for the court to have admitted the board into evidence because of the markings, "State of

Tenn. v. Luke (Denny) Lee," on it. Defendant's counsel filed an affidavit in support of his insistence, in which, as pertinent here, she said:

"During the Defendant's proof, Defendant's counsel handled the piece of wood briefly to pass it to a witness, Brian Lee, for examination. Defense counsel did not examine it or look closely at it at this time.

"During the course of the jury's deliberation, counsel for the plaintiff, Karl Spalvins, told counsel for the Defendant, Janet Vest, he had gone to the Court the previous day, prior to offering the wood into evidence, and asked the Court to cover up or in some way hide markings which were in red on the piece of wood referring to the criminal case as State vs. Luke R. Lee and identifying this as property of the State. Mr. Spalvins told Ms. Vest the Court had refused to cover this and that it had gone to the jury in this manner.

"As counsel for the Defendant, I at no time was aware of these markings and expressed to Mr. Spalvins grave concern in the manner this had been brought before the jury without the knowledge of defense counsel."

For the same reasons stated in the affidavit, Defendant insists in his brief he is entitled to a new trial. We cannot agree.

Since Defendant's counsel had the exhibit in her possession and had an opportunity to examine it, he cannot now complain about a matter that he failed to call to the court's attention at that time. An objection to the admission or exclusion of evidence must be specific and state the grounds for objection. *See Jack M. Bass & Co. v. Parker,* 208 Tenn. 38, 343 S.W.2d 879 (1961); *Rogers v. Hollingsworth,* 95 Tenn. 357, 32 S.W. 197 (1895); *Knoxville Iron Co. v. Dobson,* 83 Tenn. 409 (1885); *Pickett v. Boyd,* 79 Tenn. 498 (1883); *Ingram v. Smith,* 38 Tenn. 411 (1858).

The Defendant, if prejudiced by the admission of illegal testimony without objection when offered, may insist upon its exclusion from the jury at any time before their retirement from the bar, unless objec-

tion has been explicitly waived. *See Wilson v. Nashville, C & St.L. Ry.*, 16 Tenn. App. 695, 65 S.W.2d 637 (1933).

Defendant's earlier objection to the exhibit on other grounds is not sufficient. His later objection on other grounds not mentioned or urged during trial comes too late. *See Richmond v. Richmond*, 18 Tenn. 343 (1837). Where no objections were made the objection is waived. *See Sharp v. Wilhite*, 21 Tenn. 434 (1841).

■ The Appellant's second issue is: "The court erred in the exclusion of character witnesses offered by the Defendant solely for the purpose of testifying as to the reputation of the Defendant in his community as to truthfulness and veracity."

In civil cases, except where the character or reputation of a party has been placed directly in issue, it is generally regarded as legally irrelevant in determining the issues in controversy and evidence of that type is not admissible. There is an exception to that general rule "where damages claimed embrace injury to feelings, as in action involving chastity, malicious prosecution, false imprisonment, or libel or slander." *Hager v. Hager*, 17 Tenn.App. 143, 151, 66 S.W.2d 250 (1933).

*Continental National Bank v. First National Bank*, 108 Tenn. 374, 379, 68 S.W. 497 (1902) gave "[t]he rule in Tennessee is that in cases where a party is charged with a great moral wrong, he may introduce evidence of good character and invoke the presumption of innocence." In *Continental National Bank* the court permitted evidence of the good character of a witness as to his business character and standing for honor and integrity.

Here, it was the peacefulness of Luke Lee which was at issue. His truthfulness and veracity were no more at issue here than in any other suit. "[T]he admission or exclusion of character evidence ... of the parties to the suit was within the sound discretion of the trial judge." *Benson v. Fowler*, 43 Tenn.App. 147, 306 S.W.2d 49, 59 (1957), citing with approval *Smith v. Tune*, 2 Tenn.Civ.App. 503.

We fail to find the trial court abused his discretion in refusing to admit the testimony offered in this instance.

■ The Appellant's third issue is: "Did the trial court err in charging the jury with respect to matters of fact in that the court repeatedly referred to the Defendant's taking the law into his own hands?"

The Appellant complains of the following instructions given by the trial judge to the jury, in which he referred to "taking the law into his own hands."

[W]e live in what we like to think is a civilized society, and the law provides a remedy for people who have suffered wrongs and when one takes the law into their own hands and attempts to provide their own remedy, they sometimes fall afoul of the law themselves.

. . . .

And, of course, ladies and gentlemen, intoxication is no defense to an assault and battery, nor, as I previously stated, is a battery justified for the reason of taking the law into your own hands or punishing someone for some wrong that they have done to you.

Now, in this case, the Defendant had no right to cut this boat loose and push it out into the lake, or to keep the Plaintiff from returning it there or to take the law into his own hands, but at the same time, the Plaintiff had no right to commit assault and battery on the Defendant as punishment for the fact that his property had been pushed out in the lake, or whatever you find happened.

. . . .

Now, of course, ladies and gentlemen, I had not specifically mentioned a duty to retreat in this case because that just ties with what is reasonable. Now, if it is reasonable for one to avoid injury to himself by moving away from the scene, then he is obligated to that rather than take the law in his own hands by committing assault and battery upon another.

After an analysis of the charge of the court, it is apparent the court was referring to both the Plaintiff and the Defend-

ant concerning persons taking the law into their own hands and providing their own remedy to wrongs done them.

The remarks made by the trial judge in paragraphs one, two and four, above, could refer equally to the Plaintiff or the Defendant, depending on which theory of the case the jury decided to accept. The reference to "taking the law into his own hands" found in paragraph three did refer to the Defendant, but the statement taken as a whole was neutral, and fairly stated both theories of the case.

The Appellant's fourth issue is: "The court erred in its instruction to the jury regarding the duty to retreat."

After the court had completed its regular charge to the jury, counsel for the Appellant requested the court to instruct the jury on the duty to retreat. Where upon the court gave the jury the following instructions:

Now, of course, ladies and gentlemen, I had not specifically mentioned a duty to retreat in this case because that just ties in with what is reasonable. Now, if it is reasonable for one to avoid injury to himself by moving away from the scene, then he is obligated to that rather than take the law in his own hands by committing assault and battery upon another.

■ The record fails to show that after the court had given the foregoing instructions the Appellant asked for further or other instructions or that he at any time submitted a special request for instructions on the issue of the duty to retreat. In order for the complaining party to predicate error upon an alleged omission in instructions given to the jury by the trial judge, the party must have pointed out the omission or incorrectness to the trial judge at the trial by an appropriate request for an instruction. *See Austin v. City of Memphis,* 684 S.W.2d 624 (Tenn.App.1984); *Rule v. Empire Gas Corporation,* 563 S.W.2d 551 (Tenn.1978).

Appellant's fifth issue is: "The court erred in the admission of testimony regarding the circumstances surrounding and the filing of a divorce petition between Luke Lee and his wife Brenda over ten years ago and in allowing counsel for the Plaintiff to refer to this in an inflammatory manner in final argument."

■ We will consider this issue in two parts. First, did the court err in its ruling on the admissibility of a prior inconsistent statement made by a witness for the Defendant? We think not.

The Appellant urges this court to find the trial court committed reversible error by allowing the Plaintiffs to impeach the testimony of Brenda Lee, wife of the Defendant, by use of her prior sworn divorce complaint. On the stand during cross examination of Mrs. Lee the following colloquy transpired:

Q. You've never been concerned about your welfare and safety when he [the Defendant] would get drunk?

A. Well—

. . . .

Q. You've never been concerned about your safety and welfare when he gets drunk, yes or no?

A. I'm not concerned, no. He doesn't drink that much. Now, we don't have the money—

Q. You've never been concerned—

A. —to buy it.

It was in response to the testimony set out above that the allegations in her divorce complaint of the Defendant's whipping and physically abusing her were used to impeach her testimony. She denied the allegations in the divorce complaint as being true, and was allowed to explain her reasons for the inconsistencies in her two statements.

The question was not one of the truth or falsity of the prior inconsistent statement, but whether or not Mrs. Lee's testimony was untrustworthy. Was the jury to believe the present in-court statement and the veracity of the witness now?

Questions of admissibility of evidence rest within the sound discretion of the trial court. Its decisions in that regard will be reversed only on a showing of an abuse of

the court's discretion. *See Inman v. Aluminum Co. of America*, 697 S.W.2d 350, 354 (Tenn.App.1985). Prior inconsistent statements of a witness are admissible for the purpose of impeachment and of testing the credibility of the witness, but are not to be considered as substantive evidence of the truth of the matter at issue. *See Jones v. Lenoir City Car Works*, 216 Tenn. 351, 392 S.W.2d 671 (1965); *see also Dixon v. Serodino, Inc.*, 331 F.2d 668 (6th Cir.1964).

 The second part of the issue presented is: "Were the statements of counsel for Plaintiff-Appellant in final argument drawn from facts in evidence and allowable, or were they made in an inflammatory manner?

Matters which are proven by direct testimony, or that which is fairly inferable therefrom and which has bearing on the issues in controversy, may be a fair subject on which counsel may comment. *See Hager v. Hager*, 17 Tenn.App. 143, 66 S.W.2d 250 (1933); *Eve v. Union Century Life Insurance Company*, 26 Tenn.App. 1, 167 S.W.2d 8 (1942). An attorney may argue to the jury all the logical inferences to be drawn from proven facts, and considerable latitude is permitted in counsels' statements as to the conclusions to be drawn from that evidence. *See Rogers v. Murfreesboro Housing Authority*, 51 Tenn. App. 163, 365 S.W.2d 441 (1962). Latitude of counsel's argument is within the trial judge's discretion. *See Crowe v. Provost*, 52 Tenn.App. 397, 374 S.W.2d 645 (1963); *Stone v. O'Neal*, 19 Tenn.App. 512, 90 S.W.2d 548 (1935); *Hager v. Hager*, 17 Tenn.App. 143, 66 S.W.2d 250 (1933).

Counsel for Defendant did not object to the remarks of Plaintiffs' counsel at the time of trial. An objection to the remarks or conduct of counsel must be made at the trial and a ruling had thereon, or they will not be considered on appeal. *See Morgan v. Duffy*, 94 Tenn. 686, 30 S.W. 735 (1895). Since Appellant's counsel made no objection at the time of the argument, and since she did not request the trial judge to ask the jury to disregard the argument, we find no error. *See Miller v. Alman Construc-*

*tion Co.*, 666 S.W.2d 466, 469 (Tenn.App. 1983).

The issues are found in favor of the Appellees. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

GODDARD and FRANKS, JJ., concur.