IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2000 Session

# E.L. BILLINGSLEY AND ONEIDA FARMS, INC. v. ALVIN D. ESCUE

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-550-99      Hon. Dale C. Workman, Circuit Judge**

**FILED NOVEMBER 17, 2000**

**No. E2000-00463-COA-R3-CV**

The Trial Judge granted defendant summary judgment on grounds the action was time-barred. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Charles A. Wagner, III and W. Turner Boone, Knoxville, Tennessee, for Appellants, E.L. Billingsley and Oneida Farms, Inc.

W. Morris Kizer, Knoxville, Tennessee, for Appellee, Alvin D. Escue.

## OPINION

Plaintiffs' Malicious Prosecution action, was dismissed by the Trial Judge on the grounds that it was time-barred by Tennessee Code Annotated §28-3-104(a)(1).

On April 1, 1998, Escue and Oneida Wood Products, Inc. brought an action,

including E.L. Billingsley and Oneida Farms, Inc., as defendants, on the basis of alleged violations of the Federal Racketeer Influenced and Corrupt Organizations Act.

Defendants in that case moved for or a more definite statement, and an Agreed Order was entered, which provided that Escue and Oneida Wood would file an amended complaint.

On August 6, 1998, Escue and Oneida Wood filed a Case Statement which stated that most of Escue's claims were derivative and the amended Complaint would eliminate Escue as a party. On the same date Oneida Wood filed the Plaintiff's Amended and Restated Complaint which did not list Escue's name in the caption, and stated that it "is filed pursuant to the Agree Order on Motions for Case Statement and/or More Definite Statement entered in this matter." Escue was not named as a plaintiff in the Amended and Restated Complaint and sought no relief therein.

Billingsley and Oneida Farms filed a motion for additional time on August 19, 1998. By letter dated August 27, 1998, counsel for Billingsley stated to Escue's counsel that "Your Amended and Restated Complaint makes clear that Alvin Escue is abandoning his claims against the defendants. Therefore, it is appropriate for you to file a Stipulation of Dismissal on Alvin Escue's behalf." On September 3, 1998, Escue filed a Notice of Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Then on August 30, 1999, Billingsley and Oneida Farms filed the present malicious prosecution action against Escue, and on motion of Escue the Trial Judge entered an Order of Dismissal.

An action for malicious prosecution must be commenced within one year after the cause of action accrued. Tennessee Code Annotated § 28-3-104(a)(1) (Supp. 1999). A cause of action for malicious prosecution accrues when the other elements of the offense are present, and when the malicious suit is terminated in the defendant's favor. *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992); *Rosen v. Levy*, 120 Tenn. 642, 648, 113 S.W. 1042, 1044 (1908).

The crucial element in play in this action is that the prior action was terminated in favor of the plaintiff. *Christian*, at p.73. In *Christian*, the Tennessee Supreme Court held that the abandonment of a civil action satisfies the third element, "final and favorable termination," so as to commence the running of the one-year statute of limitations. *Id.* at 74.

The *Christian* Court makes clear that an amended complaint supersedes the original complaint, rendering the original complaint of no legal effect. Accordingly, *Christian* controls the present case. The original complaint in the Federal action was filed on April 1, 1998, and in August of 1998, Oneida Wood Products filed the Plaintiff's Amended and Restated Complaint. The attorney who was counsel to both Escue and Oneida Wood, does not state that he was signing solely on behalf of Wood. The Amended Complaint does not incorporate or refer back to the original complaint, and has the effect of superceding the original, rendering it of no legal effect.

In accord with *Christian*, the legal effect of the Amended Complaint was to remove

-2-

Escue from the lawsuit and constituted an abandonment by Escue of his RICO claims against Billingsley and Oneida Farms. As such, the statute of limitations began to run from the time of abandonment, or the filing of the Amended Complaint, and not the subsequent filing of the Rule 41 notice of dismissal.

While appellants argue strenuously that their time did not begin running until Escue filed his notice of dismsisal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the language of Rule 41(a)(1) is permissive in that it does not state that it is the only way to voluntarily dismiss an action. Appellants argue, however, that it is the only method, citing *Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407 (8th Cir. 1983). Appellants' reliance on that case is misplaced. In that case, the Court noted that the Oglaga Sioux Tribe did nothing to obtain a dismissal under Rule 41, nor did they give any type of notice that they did not intend to be a party to that prior litigation. 722 F.2d at 1413-1414. Therefore, the Court found, the Oglala Sioux remained a party throughout the litigation and were bound by *res judicata. Id.* at 1414.

In this case, not only was Escue's intention clear, but the amended complaint that was filed had the effect of removing him from the lawsuit, and as *Christian* recognized an amended complaint could have the effect of dismissing an action by rendering the first complaint of no legal effect.

Appellants reliance on *Lynch v. New Deal Delivery Service, Inc.*, 974 F. Supp. 441 (D.N.J. 1997) is equally unavailing. In *Lynch*, the Plaintiff attempted to "withdraw" one of her counts by way of a footnote in the argument section of her brief in opposition to summary judgment. The Court held that she could not voluntarily dismiss a claim in this manner. *Id.* at 455. Appellants in this case contend that according to this holding in *Lynch*, "The short remark on page 16 of the Case Statement was also not sufficient to dismiss Escue from the RICO Action under Rule 41(a)."

The Trial Court did not base its decision on this remark, but he found that the amended complaint superceded the original complaint, thus constituting an abandonment, the basis of which was established by *Christian.*

Further, appellants argue that Escue is equitably and judicially estopped from claiming that he voluntarily dismissed his Rico Action at any time before September 3, 1998 when he filed his notice of dismissal pursuant to the Federal Rules. We note that estoppel was not raised by the parties at the trial level, and the issue of estoppel may not be raised for the first time on appeal. *See Lawrence v. Stanford,* 655 S.W.2d 927, 929 (Tenn. 1983). However, appellants argue that while they did not use the term "estoppel", the substance of their argument included estoppel. We find no support for this contention in the record. Their position in the Trial Court was that a dismissal must conform to the exact language of Rule 41 and there is no other way for a party to voluntarily end his action. Moreover, Escue made his position clear to appellants at the time of the filing of the Amended Complaint, and there was no change in position to mislead appellants so as to create an estoppel.

For the foregoing reasons, we affirm the judgment of the Trial Court and assess cost

of the appeal to E.L. Billingsley and Oneida Farms, Inc.

_____
_____HERSCHEL PICKENS FRANKS, J.